Stevenson v. Anderson.

---

ELIZABETH STEVENSON, PLAINTIFF IN ERROR v. MONS ANDERSON, DEFENDANT IN ERROR.

1. Practice in County Court. A motion to require the plaintiff to itemize his account comes too late if filed after an answer to the merits, and may be overruled on that ground.

2. ——: DEPOSITIONS. When error is assigned upon the refusal of the court to suppress and exclude depositions as evidence, to have a review of the ruling, it is necessary that such depositions be included in the record.

3. ———: JURY TRIAL IN COUNTY COURT. In the county court, to entitle a party to a jury trial, in actions where the amount claimed exceeds one hundred dollars, he must demand it, in writing, on or before the filing of the answer.

4. ———: OBJECTIONS TO EVIDENCE. In objecting to the admission of evidence, the ground of objection should be stated, or it will not avail.

ERROR to the district court for Hall county, the cause having been brought there on error from the county court, and its judgment affirmed by POST, J.

*Abbott & Caldwell*, for plaintiff in error, contended that plaintiff was entitled to a jury trial; *Mills v. Miller*, 3 Neb., 94; *Lamaster v. Scofield*, 5 Neb., 148; that section 13, of act relative to practice in county courts (referred to in opinion,) was unconstitutional. *White v. City of Lincoln*, 5 Neb., 505. *St. Paul & Sioux City R. R. v. Gardner*, 19 Minn., 132. *Norval v. Rice*, 2 Wis., 22.

*Thummel & Platt*, for defendant in error.

LAKE, J.

This is a petition in error prosecuted to reverse the judgment of the district court for Hall county, affirming a judgment of the county court. The questions presented for our determination therefore are, whether in the matters complained of in the district court the county court erred.

Taking them in the order of their presentation to the district court, the first error complained of is the refusal of the court to require "the plaintiff to itemize his account, filed and marked exhibit C." In this particular the record shows no error. In the first place the motion came too late. It was filed on the 18th of July, 1879, after the issues of fact had already been completed by answer to the merits. In the second place, even if it had been filed in season, there was no necessity shown for the required

order. The last clause of section 125, of the code of civil procedure, which is applicable to the practice in county courts, in what are called term cases, or those wherein the amount claimed exceeds the jurisdiction of a justice of the peace, provides that " where the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

This provision is, of course, for the benefit and protection of defendants and plaintiffs alike, and to enable them to know just what is demanded by the opposite party, and it should be enforced in all proper cases. Where, however, the party against whom a claim is made, is already so fully advised by the pleading of its nature as to be able to answer it intelligently, there is no reason for resorting to it, and to do so would be but a mere matter of form, and without the least benefit whatever. In this case no reason was shown for making the motion, and it was properly overruled on that ground also.

The second, fifth and sixth errors assigned, relate to the depositions of sundry witnesses, and may be considered together. The substance of these assignments is, that the depositions in question ought to have been suppressed, and excluded from the consideration of the court in its finding upon the issues of fact. From the transcript of the proceedings in the county court brought here it is impossible to ascertain whether the several rulings upon these depositions were correct or not. All that appears is a brief recital that the depositions were filed, a motion to suppress, and an objection to their being read on the trial, both of which motions were overruled, and exceptions taken. Neither the depositions nor any portion thereof, nor the grounds of objection thereto are given, so that we are without the means of knowing the particular points relied on, or judging of the merits of decisions

complained of. In the absence of evidence to the contrary the presumption is that the trial court ruled correctly; and it is the duty of him who complains that prejudicial error has been committed, to show it by the record.

The third error complained of is the refusal of the court to call a jury for the trial of the cause, as requested by the defendant. The transcript shows the request for a jury'to have been made on the day of trial, and after the issues had been completed. The ground for refusing this request was, that it came too late.

In the act relating to county courts, Sec. 13, Chap. 20, Comp. Statutes 207, we find a very peculiar provision bearing on this subject. It is in these words: "Either party may demand a jury for the trial of any cause pending in the probate (county) court, wherein the amount claimed exceeds one hundred dollars; but such demand must be made in writing, and entered on the docket, on or before the filing of the answer in such cause." Under this provision, the ruling of the county judge, that the demand for a jury was too late, must be upheld.

The fourth assignment is, that: "The court erred in allowing said plaintiff to offer in evidence (*give* in evidence, we suppose was intended) ex. A. B. & C., filed with plaintiff's petition to support said petition." The record merely shows that the defendant objected to the introduction of this evidence without stating any reason for the objection. This omission is fatal, for we cannot know the merits of the objection, and must hold therefore that the court ruled correctly.

There is no error in the record, and the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.