VICTOR VIFQUAIN ET AL., PLAINTIFFS IN ERROR, V. JOHN B. FINCH, DEFENDANT IN ERROR.

1. **Libel**: PRACTICE: ARGUMENT OF COUNSEL: In an action for libel where the defendant justifies and pleads the truth of the charge and that the publication was founded upon rumor and was without malice, *Held*, That the question of malice being in issue the plaintiff was entitled to open and close.

2. ————: EVIDENCE. In an action for the publication of an alleged libel in a designated newspaper, the republication of the same matter in other papers is not admissible in evidence.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Marquett, Deweese & Hall*, for plaintiffs in error.

We had the right to open and close. Maxwell Pl. and Pr., 381. *Lexington v. Paver*, 16 Ohio, 330. *Heilman v. Shanklin*, 60 Ind., 443. *Tull v. David*, 27 Ind., 377. Republication in other papers. *Hastings v. Stetson*, 126 Mass., 329. *Gough v. Goldsmith*, 44 Wis., 262. Instruc-

tion to jury.    Sackett, 16.    *Kendall v. Brown,* 74 Ill., 232.
*Camp v. Phillips,* 42 Georgia, 289.

*O. P. Mason,* for defendant in error, cited: *Shaw v.
Barnhart,* 17 Ind., 185.    *Jackson v. Pittford,* 8 Blackf.,
194.    *Page v. Osgood,* 2 Gray, 260.    *Barrett v. Long,*
3 H. L. Cases, 395.    Townsend on Libel, § 390.    *Parmer
v. Anderson,* 33 Ala., 78.    *Fry v. Bennett,* 28 N. Y.,
328.    1 Smith Leading Cases, 132.

MAXWELL, J.

On the fourth day of May, 1880, the plaintiffs in error
owned and published the Daily *State Democrat* of Lincoln,
in this state, and on that day published in said paper an
alleged libel against the defendant, the principal portion of
which is the following:    "Some time last winter a young
girl came to this city from another part of the state for the
purpose of attending the university course.    Being poor
and unable to pay for board, she engaged work in the fam-
ily of John B. Finch, doing housework morning and even-
ings and attending the school during the day.    She was
young and pretty and modest, and any man with a spark
of manhood about him would naturally suppose that she
would have been safe from insult and lascivious approaches.
But it was not the case it seems.    The lecherous nature of
this man Finch, who was in a measure her protector, could
not leave her in peace.    Almost from the first hour of her
stoppage in his house he began a systematic attempt to in-
duce her to gratify his unholy and shameful desires.    By
words and deeds and actions he followed up the poor girl,
until one evening his conduct became so unbearable that
she left the house and went to a neighboring boarding
house," etc.    There were other charges to which it is un-
necessary to refer.    The defendant in error brought this
action against the plaintiffs to recover the sum of ten thou-
sand dollars for the alleged libel, the alleged libelous mat-

ter being set out at length in the petition.   The plaintiffs
in error (defendants below) in their answer admit that they
were the owners and publishers of the Daily *Democrat* on
the fourth day of May, 1880; admit the publication of the
alleged libelous words set out in the petition, and allege
that said words are true, and that he was "guilty of all that
was charged against him in said publication."   They also
plead in justification public rumor and a want of malice.
On the trial of the cause a verdict was rendered in favor
of Finch for the sum of $500, upon which judgment was
rendered.

The first error assigned in this court is, that the defend-
ants below having admitted the publication of the alleged
libel and claimed that the words so published were true,
that therefore they were entitled to open and close the case.

Sec. 283 of the code provides that, the party who would
be defeated if no evidence was given on either side must
first produce his evidence.   In other words, the party hold-
ing the affirmative of the issue is entitled to open and close.
If, however, anything remains to be proven affirmatively
by the plaintiff he is entitled to open and close.   *Lexington
Ins. Co. v. Paver*, 16 Ohio, 324.   In the fourth paragraph
of the answer we find a plea of general rumor as to the
matter published, and that the publication was without
malice.   The answer in this regard must be construed to-
gether, and the question of malice was put in issue by the
pleadings, and entitled the plaintiff below to open and close.

2.   Error in admitting evidence of the publication of
the alleged libelous matter in other papers than the *Demo-
crat*.   On his direct examination the plaintiff below testi-
fied that the article in question was republished at Lincoln,
Illinois, and other places.   This was objected to, and the
objection overruled.   The action is brought for the publi-
cation of the alleged libelous article in the *Democrat* of
Lincoln, and not in other papers, and the evidence should
have been confined to that paper.   Besides, the evidence is

too remote, as the publishers of the *Democrat*, under the facts as shown in this case at least, were not liable in damages for what may have been published in papers over which they had no control. The court therefore erred in admitting the evidence.

The defendants below asked the following instruction, which was refused and an exception taken: "The holding back of evidence may be used as a presumption of fact against the party who holds it back or puts it out of reach. And if the jury believe from the evidence that Ellen Morehouse, the girl referred to in the article that was published by the defendants, was sent or caused to be sent away by the plaintiff or by plaintiff's friends, on his behalf and with his consent or by his direction, you may consider this fact in determining whether the plaintiff's conduct had been such as to justify the publication complained of."

There is testimony tending to show that a few days after Ellen Morehouse left Mr. Finch's residence, Mrs. Finch and a Mrs. White called at the residence of Mrs. Hoge, where Ellen was boarding, and had a conversation with her (Ellen) alone. Afterwards a number of other conferences seem to have been had; that Mrs. White at that time had her home at Mr. Finch's; that another lady, a friend of Mr. Finch, raised money and purchased a ticket for Ellen to New Brunswick; that the girl was sent away,, the ticket being given to her with money to pay her expenses. This was about two weeks after the publication com-·plained of. That the girl was sent away without that fact being generally known, the instructions to the person who took her to Omaha being, "to buy her a lunch, and keep her veiled, and see that she left Omaha." There is no testimony in the record tending to show to what particular place the girl was sent. Mr. Finch, in his testimony, denies that the girl was sent away at his instance or request or with his knowledge, and if the question rested on his testimony alone, the request was properly refused. But

there are circumstances connected with the removal of the girl from which Mr. Finch's assent, at least, may be inferred, and such circumstances must be submitted to the jury. She certainly is a material witness in the case to establish the truth or falsity of the charge. It is somewhat remarkable that no one concerned in the matter seems to know to what place she was sent. As there must be a new trial and the question submitted to the jury, we will not further discuss the evidence. The instruction asked should have been given. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

COBB, CH. J., and REESE, J., concur in the points stated in the syllabus.