Mizer v. Bristol.

B. F. Mizer v. C. N. Bristol.

[Filed July 8, 1890.]

1. **Evidence** examined, and *held*, to sustain the verdict.

2. **Trial:** Right to Open and Close. Where upon the issues joined the plaintiff is required to introduce any evidence in support of his case, he will be entitled to open and close.

Error to the district court for Webster county. Tried below before Gaslin, J.

*J. N. Rickards,* for plaintiff in error.

*Case & McNeny, contra.*

Maxwell, J.

This action was brought by the defendant against the plaintiff to recover the sum of $500 for money had and received, and on the trial of the cause the jury returned a verdict in his favor for the sum of $225, upon which judgment was rendered. The plaintiff in error in his answer alleges that "the money mentioned and described in plaintiff's petition was received by defendant from plaintiff under the following state of facts, to-wit:

"On the 2d day of December, 1886, plaintiff and defendant entered into a certain written agreement, by the terms of which this plaintiff was to purchase of defendant and defendant was to sell to plaintiff his entire stock of queensware, groceries, provisions, and fixtures, and further, the said plaintiff was to rent of said defendant the store-room and cellar situate on lot nine of block five, Red Cloud, Nebraska, at an annual rent of $800 per year, payable in monthly installments of $66.67 per month. A true copy of said written agreement is herewith filed attached to this (answer) and made a part hereof.

"That in pursuance of said agreement the plaintiff, at the completion of said agreement, paid to defendant the $500 as a part payment of said stock of goods, and in no other manner, and thereafter and on or about the — day of December, and about the time the invoice mentioned in said contract was nearly completed, the plaintiff, without any just cause and without any fault on the part of this defendant, voluntarily abandoned said agreement and refused to further proceed under the same and refused to accept said goods and pay the balance due therefor as per the terms of said agreement.

"This defendant did and performed all the terms and conditions to be done and performed by him under said agreement, and at the time of the breach aforesaid was ready and willing to fully perform his part of said agreement.

"This defendant, by reason of the plaintiff's failure, neglect, and refusal to perform said agreement, has sustained damages in the sum of $1,000 over and above the amount so received. The same is now due and wholly unpaid."

The reply need not be noticed.

The contract referred to is as follows :

"This agreement, entered into by and between Benjamin F. Mizer, of the first part, and Charles N. Bristol, of the second part, both of Red Cloud, Nebraska, witnesseth : The said Mizer agrees on his part to sell and convey to said Bristol, free and clear of incumbrance, his entire stock of groceries, queensware, produce, and fixtures now owned by him and kept in storeroom and cellars situate on lot nine of block five of Red Cloud, Nebraska.

"The said Bristol, agrees on his part, to purchase said goods and take same as follows : Queensware and groceries to be taken at invoice and to be invoiced at first cost thereof, and in addition thereto said Bristol is to pay an amount equal to twelve and one-half per cent of said invoice to cover freight, drayage, and other expenses. Fixtures to be agreed upon by the parties hereto. The price of all

home produce to be first cost thereof. Said Bristol agrees on his part to pay cash the sum of $500 upon the completion of this agreement, $1,000 upon completion of invoice herein mentioned, $500 to be paid in thirty days after possession is given under this agreement, and $500 each and every thirty days till said stock is fully paid for. The invoice above mentioned is to be made between the 15th and the 20th of December, 1886, and possession to be given as .soon as invoice is completed and the payment above mentioned made. It is understood and agreed that all deferred payments above mentioned shall draw ten per cent from date of delivery of possession.

"When possession is delivered as above specified said Mizer agrees on his part to execute and deliver to said Bristol a written lease for said premises for three years (giving said Bristol the option to hold said premises thereunder for two additional years) for the annual rental of $800, payable in monthly installments of $66.67 per month.

"In witness whereof, we have hereunto set our hands, this second day of December, 1886.

"Witness:                        B. F. MIZER.
"J. N. RICKARDS.        ·        C. N. BRISTOL."

The testimony tends to show that at the date of the contract the plaintiff in error was conducting a grocery in Red Cloud and that the defendant in error had made a proposition to purchase the same. The testimony also tends to show that when the defendant in error inquired of the plaintiff in error as to the value of his stock of goods he stated that it was about $5,000.

The defendant in error testifies that he thereupon informed him that the stock was of greater value than he was able to purchase; that soon afterwards the plaintiff in error stated to him that he had examined his invoices and looked over his stock and that it would not exceed in value $3,800 to $4,000, and that with that understanding he

entered into the contract above set forth, and that upon the signing of the contract he paid the plaintiff in error $500; that thereupon they proceeded to invoice the stock and it was found to amount to $5,000 or more, and that thereupon he declined to complete the contract.

The plaintiff in error denies that he stated to the defendant in error that the stock was of less value than $5,000.

There are a number of matters, however, testified to by the defendant in error and his witnesses which he fails to explain, and it is evident that he did make representations of the kind charged. The clear weight of testimony also shows that after it was found that the goods invoiced were of the value of $5,000 or more, and more than the defendant in error felt able to pay for, the plaintiff in error promised to refund the $500 which he had received. This was coupled with a proviso, "as soon as I hear from my brother-in-law." This was a recognization of the debt and obligation to pay the same; but without such recognization the defendant in error under the proof would be entitled to recover. It is apparent that the defendant in error is entitled to the whole $500 with interest thereon, but as he is not complaining that matter cannot be considered.

The plaintiff in error complains that he was entitled to open and close on the trial of the cause. In this, however, he is mistaken, as it was necessary for the plaintiff below to offer proof to sustain his action. The rule is that if anything remains for the plaintiff to prove affirmatively, he is entitled to open and close. (*Lexington Ins. Co. v. Paver*, 16 Ohio, 324; *Vifquain v. Finch*, 15 Neb., 505.)

There is no error in the record by which the plaintiff in error has been prejudiced. The judgment is therefore

AFFIRMED.

THE other judges concur.