CITIZENS STATE BANK V. Z. M. BAIRD ET AL.

42  219|
56  363|

FILED OCTOBER 16, 1894.   No. 5687.

1. Trial: ARGUMENTS: OPENING AND CLOSING: HARMLESS ERROR.  In trials by the court without the assistance of a jury, it is not reversible error to deny the party holding the affirmative leave to open and close the argument, where it is apparent from the record that he has not been prejudiced thereby.

2. Argument on Motion to Dissolve Attachment: OPENING AND CLOSING.   *Olds Wagon Co. v. Benedict*, 25 Neb., 372, distinguished.

3. Attachment: DISSOLUTION: BURDEN OF PROOF. Where the allegations of an affidavit for attachment are put in issue by a motion to discharge, it is not sufficient for the plaintiff to establish his good faith and reasonable grounds for believing the statements of his affidavit to be true. He is required to establish the truth of such statements to the satisfaction of the court.

ERROR from the district court of Dakota county. Tried below before NORRIS, J.

*Jay & Beck* and *Gantt & Briggs*, for plaintiff in error.

*Robert Hunter* and *J. R. Hays, contra.*

POST, J.

This is a petition in error and presents for review an order of the district court for Dakota county discharging an attachment on the motion of the defendant in an action between the parties hereto. It is shown by the record that at the hearing of the motion the plaintiff claimed the right to open and close, which was denied. The defendant then introduced his proofs, in the form of affidavits, after which the plaintiffs presented affidavits in support of the attachment. At the conclusion of the plaintiff's evidence defendant offered affidavits in rebuttal, to which the plaintiff objected on the ground that "rebutting evidence is inadmissible, and because there is no provision for filing counter-affidavits in such case; also on the ground that the affidavits offered are not rebutting evidence." That objection was sustained and the defendant permitted, over the plaintiff's objection, to open and close the argument and which is the ruling first assigned as error.

We are referred by counsel for plaintiff, as sustaining their contention upon this branch of the case, to *Olds Wagon Co. v. Benedict,* 25 Neb., 372. It was in that case held, in effect, that the order of argument is a matter of right and follows the burden of proof; and such is conceded to be the established rule both in the courts of this country

and England.  That rule is, without doubt, applicable to
actions at law and special proceedings triable to a jury.
There is, however, reason to doubt the soundness of decis-
ions holding it applicable to trials before the court without
the assistance of a jury.   Particularly is that true under a
practice like ours, where the order of proof is the subject
of statutory regulation.   It is provided by section 283,
Civil Code, under the title "Jury Trials," that, upon the
conclusion of the evidence, "the parties may then submit,
or argue, the case to the jury.   In the argument the party
required first to produce his evidence shall have the open-
ing and conclusion.   If several defendants having separate
defenses appear by different counsel, the court shall arrange
their relative order," etc.   Provision is made by sections
296 and 297, under the title "Trial by the Court," for the
waiving of a jury and trial in such cases to the court, but
no reference is therein made to the order of argument.   It
would seem that the procedure upon the hearing of motions,
particularly those of the character involved in this pro-
ceeding, should be assimilated to the practice in equity
causes rather than that which obtains in actions tried by
jury.   In equity the argument is regulated by rule and
generally within the discretion of the chancellor, and we
are not aware that a decree has ever been reversed on appeal
for an abuse of discretion in that respect or even for the
refusal to hear argument.   If it were an open question, we
should not hesitate to hold that the rule invoked has no
application to issues triable by the court.   It is certain
we can conceive of no reason for denying to the district
court discretion to regulate argument in those cases which
will not apply with equal force to this court, where such
has been the practice almost since its organization; but as
*Olds Wagon Co. v. Benedict* is not decisive of this case, the
question of its authority is left for further consideration.
The precise point there decided is that the order of argu-
ment is a matter of right that prejudice will, as a rule, be

presumed from a denial of that right; and in the absence of a record tending to prove the contrary, the ruling in that case was held reversible error. It should be noted also that upon rehearing (27 Neb., 344), although the former decision was adhered to, a vigorous dissenting opinion was filed by REESE, C. J. It is a universal rule, applicable to appellate proceeding, and often asserted by this court, that error which is not prejudicial to the complaining party is no ground for the reversal of a judgment. In the case at bar the ruling alleged, if erroneous, was error without prejudice, for the reason that the order of the district court discharging the attachment is clearly right. In fact it is the only order which could have been made on the record. The grounds alleged in the affidavit for the attachment are that the defendant is about to convert his property into money for the purpose of placing it beyond the reach of his creditors; that he has assigned his property, or a part thereof, with an intent to defraud his creditors. The most that can be claimed for the evidence in support of the attachment is that it tends to establish reasonable grounds for believing the statements in the original affidavit to be true; but probable cause will not answer the requirements of the statute. The plaintiff is required to establish the truth of the statements of his affidavits to the satisfaction of the court or judge. (Waples, Attachment, 433; *Folsom v. Teichner*, 27 Mich., 107; *Greene County Savings Bank v. Michigan Barge Co.*, 52 Mich., 164.) The order discharging the attachment is right and is therefore

AFFIRMED.