Welsh v. Burr.

R. K. WELSH V. GEORGE F. BURR ET AL.

FILED OCTOBER 20, 1898.    No. 8364.

1. **Reply: DEFECTS IN ANSWER: WAIVER.** The filing of a reply is a waiver of the right to assail the answer on the ground that the averments are not sufficiently definite and certain.

2. **Trial: OPENING AND CLOSING.** Where a plaintiff is required to introduce any evidence in support of his case, he is entitled to first introduce his testimony before the jury, and also the right to open and close the argument.

ERROR from the district court of York county. Tried below before BATES, J. *Reversed.*

*G. W. Bemis,* for plaintiff in error.

*F. C. Power, contra.*

NORVAL, J.

This suit was upon a promissory note by the indorsee against the makers. The petition alleges the execution

and delivery of the instrument declared on to the Royal
Sewing-Machine Company, the payee mentioned therein,
the indorsement of the note by it, that the plaintiff is the
owner thereof, and that no part has been paid except the
sum of $90 on October 20, 1893. The answer admitted
the execution and delivery of the note, the payment of
the $90, denied all other averments of the petition, and
pleaded that the note was given for the purchase price of
sewing-machines; averred substantially that the ma-
chines were sold under a certain warranty, and that they
failed to comply with the terms thereof. The reply put
in issue the warranty set up in the answer. The trial
resulted in a verdict for the defendants, upon which judg-
ment was subsequently rendered. Plaintiff by means of
this proceeding seeks a review of the record.

A point urged for a reversal is the overruling of
plaintiff's motion to require the defendants to make their
answer more definite and certain by stating therein
whether the warranty relied upon was verbal or written,
and if verbal, who made it on behalf of the payee. The
transcript of the record shows that the motion was made
after plaintiff had filed his reply to the answer. The mo-
tion was too late to make the ruling thereon available in
the appellate court. (*Stevenson v. Anderson*, 12 Neb. 83;
*Fritz v. Grosnicklaus*, 20 Neb. 413.)

After reply plaintiff assailed the answer by motion to
strike therefrom certain allegations therein, which mo-
tion was overruled by the court, and the ruling is as-
signed for error. The decision was proper, since the
motion was filed after plaintiff had replied to the answer
of the defendants. (*Supra.*)

The trial court refused to permit plaintiff to first intro-
duce his testimony and to open and close the case to the
jury. This was reversible error. The answer put in issue
the indorsement and transfer of the note by the payee
and the ownership of the instrument by plaintiff. In this
state of the pleadings, had no evidence been adduced
by either party, the verdict must have been for the de-

fendants; so that the burden was on the plaintiff, and he was entitled to open and close the testimony and the arguments to the jury. (*Vifquain v. Finch*, 15 Neb. 505; *Rolfe v. Pilloud*, 16 Neb. 21; *Osborne v. Kline*, 18 Neb. 344; *Brooks v. Dutcher*, 22 Neb. 644; *Suiter v. Park Nat. Bank*, 35 Neb. 372; *Mizer v. Bristol*, 30 Neb. 138; *Rea v. Bishop*, 41 Neb. 203; *Citizens State Bank v. Baird*, 42 Neb. 219.)

There are argued other assignments of error, but the conclusion reached makes their consideration at this time unnecessary. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.