MARTIN HERPOLSHEIMER ET AL., APPELLEES, V. CITIZENS
INSURANCE COMPANY, APPELLANT.

FILED JULY 12, 1907.  No. 15,121.

1. **Witnesses**: PRIVILEGED COMMUNICATIONS. A waiver of protection against the disclosure of privileged communications may be withdrawn at any time before acted upon.

2. **Insurance**: PLEADING. In an action on a fire insurance policy,

where the destruction of the property by the insured is relied upon as a defense, such defense should be affirmatively pleaded.

3. **Pleading: GENERAL DENIAL.** A general denial in an answer puts in issue only such pleaded facts as are necessary for the plaintiff to prove in order to enable him to recover.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Greene, Breckenridge & Matters,* for appellant.

*Field, Ricketts & Ricketts, contra.*

JACKSON, C.

This is one of a series of cases that have been before the court, first on appeal from judgments favorable to the plaintiffs, and later from judgments denying petitions for new trials in the cases already determined. *Citizens Ins. Co. v. Herpolsheimer,* 77 Neb. 232, 78 Neb. 707. The judgment was for plaintiffs. Some of the questions presented by the assignments of error are identical as to facts and the application of the law with the questions determined in the previous cases, and will not be noticed again.

One assignment of error relates to a claim that a portion of the property damaged or destroyed was not on the premises described in the policy, but that contention was waived in the oral argument. Soon after the loss the plaintiffs employed F. P. Olmstead, an attorney at law residing at Hastings, to prepare their proofs of loss and otherwise represent them in their negotiations with the insurance companies to secure payment of the indemnity provided by the contracts of insurance. Rudolph Herpolsheimer, one of the plaintiffs, was a witness on behalf of plaintiffs, and on cross-examination testified that Olmstead was no longer in their employ, that he remembered of making no statements to Olmstead as to the origin of the fire, but would waive any objections to having Olmstead's testimony taken on that point. It is also in evidence that at the trial of the former cases, which was to

the court, counsel representing plaintiffs offered in open court to waive objections and permit Olmstead to testify, an offer that was not then taken advantage of. At the trial of the present case, however, the defendant produced Olmstead as a witness, and offered to prove by him that Rudolph Herpolsheimer told him he had caused the fire, and gave the details of how the arrangements were made to have the fire started. To this offer the court sustained an objection that the communication was privileged and not within the issue. The objection was properly sustained on both grounds. Where the destruction of property by the owner is relied upon as a defense in an action on a fire insurance policy, it should be affirmatively pleaded.

It is urged, however, that the obligation to plead this defense was rendered unnecessary by reason of an allegation in the petition that "the fire did not originate by an act, design or procurement on the part of the plaintiffs," and a denial of such allegation in the answer. The identical question was involved in *Morley v. Liverpool, L. & G. Ins. Co.,* 92 Mich. 590, and it was held that the pleadings did not present the issue that the owner destroyed the insured property. This is in accord with the general rule that a denial puts in issue only such allegations of the petition as the plaintiff is required to support by proof in order to recover on his cause of action. The policy required the insured to furnish proofs of loss with a statement of the knowledge and belief of the insured as to the time and origin of the fire. Olmstead prepared the proofs while serving as attorney for plaintiffs, and any communications made to him by his clients touching the origin of the fire were privileged and should not be disclosed, unless the privilege was waived. The claim of waiver by counsel for plaintiffs at the trial of the former cases requires no discussion, because, even if there was a waiver at the previous trial of this case, the waiver would not continue to a second trial. *Grattan v. Metropolitan Life Ins. Co.,* 92 N. Y. 274; *Briesenmeister v. Supreme Lodge,* 81 Mich. 525. And we are inclined to the rule that the waiver of a

privileged communication may be withdrawn at any time before acted on, and where no advantage has accrued to either litigant on account thereof. Besides, there are three plaintiffs jointly interested in the action, and a waiver by one should not be permitted to operate to the prejudice of the others who may claim the benefit of the privilege.

A portion of the property covered by the insurance consisted of a stock of buggies, a part of which were totally ....troyed, and others were somewhat damaged. The plaintiffs had a public sale of the damaged property. The policy in suit provides that the company should not be liable beyond the actual cash value of the property insured at the time of loss, and that the damages should not exceed what it would cost to repair or replace the same with material of like kind and quality; that an estimate shall be made by the insured and the company, and if they differ, then by appraisers to be selected as provided in the policy, and the company had the option to take all or any part of the articles at the ascertained or appraised value, and also to repair, rebuild or replace the property with other of like kind and quality, but the insured had no option to abandon to the company the damaged goods. The defendant now insists that the sale of the damaged buggies by plaintiffs operated to deny it the option of taking the same at its ascertained or appraised value, and that the policy was thereby forfeited. In connection with this claim it may be said to be settled in advance that the stipulation for arbitration will not be enforced in this state, and that forfeitures are not favored. Certain admitted facts also have an important bearing on the conclusion to be reached.

The fire occurred on August 22, 1904. Mr. Hamlin, the company's adjuster, visited the scene of the fire on the second or third day following, and attempted to agree with plaintiffs on a basis for an adjustment of the loss. He remained two days or more in the pursuit of this purpose, which failed. He was there again some four or five days later, and inspected the damaged property with the

same purpose, and again on September 14. The sale of the damaged goods occurred September 17, and Mr. Hamlin was advised of the purpose to sell as early as September 9. His testimony discloses that a mutual agreement as to the amount of the loss had become hopeless when he was last there, and at that time he made a written demand for an appraisement. Upon this demand and the refusal of the plaintiffs to comply therewith, and the fact that the defendant, by the terms of the policy, was given 30 days after proof of loss to exercise the option, and the fact that the sale occurred within 30 days from the time proof of loss was made, is predicated the claim of forfeiture. Mr. Hamlin had resided in Nebraska for 39 years, and had been an insurance adjuster for more than 30 years. A suggestion that he did not know when this demand was made, that it was futile, and that upon it the company could base no rights, would be taken by him as an insult. Proof of loss, under the repeated holdings of this court, had been waived by the appearance of the adjuster, and the negotiations already had for the purpose of ascertaining such loss and proof thereafter furnished became immaterial. The defendant had ample opportunity to and did inspect the damaged property for the purpose of ascertaining the loss before the sale, and the case does not come within the rule of *Oshkosh Match Works v. Manchester Fire Assurance Co.*, 92 Wis. 510, cited by the defendant in support of this branch of the case, and should also be distinguished from those cases determined by the courts where the appraisement clause is enforced. There is no claim that the damaged property did not sell for its actual value in its damaged condition. The defendant therefore suffered no loss and was not prejudiced by the sale. The optional features of the policy are unilateral. To the insured no option is given. He must bare his neck to the ax and take the blow when it falls. Contracts of insurance, like other contracts, should be construed with reason. Ample opportunity should be afforded the insurer

47

to inspect the property damaged by fire and to discover the actual loss. When that has been done, no reason remains why the insured should not protect himself from further loss from deterioration of his property.

The trial court instructed the jury, in effect, that the demand for an appraisal was a waiver of the option to take the damaged property after the loss had been ascertained. This instruction, in view of the conclusion already reached, if erroneous, was without prejudice, although it has support in authority. *Elliott v. Merchants & Bankers Fire Ins. Co.*, 109 Ia. 39; *Platt v. Ætna Ins. Co.*, 153 Ill. 113. One reason urged why the instruction was erroneous is that, because the law would not compel an appraisement, no waiver could be predicated upon the demand. There is some incongruity in the attitude of the defendant. It insisted upon its right to an appraisal while attempting to adjust the loss, and now insists upon the protection of a right growing out of the fact that it was not entitled to an appraisement. It will not be permitted to take one ground prior to actual litigation, and change its base after litigation has commenced.

The policy in suit was for $3,000, the plaintiffs limited their demand for recovery to the sum of $2,000, the total insurance on the property was $8,000. The court instructed the jury as follows: "You are instructed that, if from the evidence and the law as given to you in these instructions you should find for the plaintiffs, then the amount for which the defendant would be liable would be three-eighths of the entire amount of plaintiffs' loss and damage, which you find they have sustained by reason of said fire, upon the goods covered by said policy; but in no event should your verdict exceed the sum of $2,000, with interest thereon at the rate of 7 per cent. per annum from November 15, 1904, which is the amount prayed for by plaintiffs in their petition." Adopting the language of the brief of the defendant, the complaint against the instruction is that "the jury should have been told that, in order to recover the face of this policy, the loss must reach

or exceed $8,000, but that if the proportion of the loss chargeable against this policy should exceed $2,000 the plaintiffs' recovery must nevertheless be limited to $2,000. But the instruction permits a recovery of $2,000 if the jury should find that three-eighths of the loss equals that sum, and is a specific direction to find for the plaintiffs in that amount." We are unable to distinguish between the instruction actually given and the rule contended for in the above quotation.

There is no claim that the amount of recovery was not justified by the evidence, and we recommend that the judgment be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.