ERNEST QUESNER, APPELLANT, V. ROSIE NOVOTNY ET AL.,
APPELLEES.

FILED OCTOBER 26, 1925.   No. 23196.

Mortgages: FORECLOSURE: BURDEN OF PROOF. "In an action to fore-
    close a real estate mortgage, when the allegations of the peti-
    tion are denied, the burden is on plaintiff to make *prima facie*
    proof that no action at law has been instituted for the recovery
    of the debt." *Beebe v. Bahr*, 84 Neb. 191.

APPEAL from the district court for Cuming county:
WILLIAM V. ALLEN, JUDGE. *Affirmed.*

*George W. Wertz,* for appellant.

*A. R. Oleson* and *J. C. Elliott, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and EVANS,
JJ., and REDICK, District Judge.

PER CURIAM.
Plaintiff, Ernest Quesner, and appellant herein, brought
this action in the district court for Cuming county, Ne-
braska, to foreclose a real estate mortgage on a 120-acre
farm given to secure the payment of a note for $10,000.
The petition was in the usual form.

The answer admitted execution of the note and mortgage
and then denied all the remaining allegations of the plain-
tiff's petition. It also contained two affirmative defenses,
one of which was that the note and mortgage in suit were

given to, and for the benefit of, the Howells State Bank; that at the time of the execution of the note and mortgage and the acknowledgment thereof by the mortgagors the premises constituted the homestead of the mortgagors; that the notary who took the acknowledgment of the mortgagors was a stockholder of said Howells State Bank and was thus disqualified to take the same, and the pretended acknowledgment by him taken was null and void because of his interest therein.

To this answer appellant filed a reply traversing the several allegations therein contained. The answer, it may be stated in passing, put in issue the allegation of the petition that "no proceedings have been had for the collection of said debt or any part thereof."

The evidence was received and heard by the district court on September 22, 1922, and the cause was then taken under advisement. This order of that date further provided: "Defendant to file her brief within 20 days after receiving transcript of evidence, and plaintiff to file his brief within 10 days after filing of defendant's brief."

On December 1, 1922, after briefs of the parties had been filed, the district court entered a decree finding "generally in favor of the defendants, * * * and that the said plaintiff has failed to establish a cause of action against the said named defendants."

It is admitted that the plaintiff wholly failed to introduce any evidence in the court below sustaining the allegation as to proceedings had at law for the recovery of the debt secured by the mortgage foreclosed. It has been repeatedly held by this court that this allegation, although a negative one, must be proved to entitle plaintiff to a decree of foreclosure. In this case it is to be noted that the finding of the district court was in part "that the said plaintiff has failed to establish a cause of action." It therefore follows that the district court is right, unless for reasons hereinafter set forth appellant is entitled to relief. *Beebe v. Bahr*, 84 Neb. 191. See, also, *Great Western Commission Co. v. Schmeeckle*, 99 Neb. 672.

Quesner v. Novotny.

However, it is urged by appellant that the failure to introduce evidence on the point in question "was a pure inadvertent omission on the part of the plaintiff, which could have been rectified at any time, had the defendant objected to the record on this point, or in any manner called the discrepancy to the attention of the plaintiff or the court;" and he further contends that the defendant, by assuming the burden of proof and by being required to file her brief first, at all times tacitly treated plaintiff's case as complete on the point in question, and is now estopped from urging the same as a basis for sustaining the judgment below.

Unfortunately the record is silent on all of these contentions save one. It does appear that by the order of the court on September 22, 1922, the defendant below and appellee here is required to first file her brief. But it does not appear that this order was made at the instance of, or even with the consent of, the appellee. Indeed, under the provisions of section 8822, Comp. St. 1922, this order of September 22, 1922, must be read as though duly excepted to by the appellee herein. It follows that the record contains nothing that would sustain appellant's contention that appellee by her conduct in any manner misled appellant in the court below, or presented the case to the district court on the theory that the proof on the question here presented was sufficient to sustain plaintiff's petition. Therefore, even conceding the order of the district court of September 22, 1922, requiring the appellee to first file her brief, to be erroneous, yet under the decisions of this court it must be considered to be error without prejudice, for the order itself determined nothing more than the right to open and close an argument to a district court sitting as a court of equity and sitting without the assistance of a jury. "In trials by the court without the assistance of a jury, it is not reversible error to deny the party holding the affirmative leave to open and close the argument, where it is apparent from the record that he has not been prejudiced thereby." *Citizens State Bank v. Baird,* 42 Neb. 219.

It follows that the judgment of the district court is right, and it is therefore

AFFIRMED.

The following opinion on motion for rehearing was filed January 23, 1926:

PER CURIAM.

The cause, which is one in equity, is before us on a motion for rehearing. Upon further consideration the former judgment of affirmance is adhered to, but the cause is reinstated in the district court for the purpose of permitting plaintiff to adduce proof of the allegations of his petition, if so advised; plaintiff to pay costs in both courts.