CONNECTICUT GENERAL LIFE INSURANCE COMPANY, APPELLEE, V. CECIL LEAHY, APPELLANT: E. H. LUIKART, RECEIVER OF CHADRON STATE BANK, APPELLEE.

FILED DECEMBER 8, 1933. No. 28723.

*Fisher & Fisher,* for appellant.

*E. D. Crites, F. A. Crites, Hall, Cline & Williams* and *F. C. Radke, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CARTER and REDICK, District Judges.

CARTER, District Judge.

In this case the plaintiff brought an action for the foreclosure of a contract of sale of certain real estate situated in Dawes county, Nebraska. From a decree of the district court finding the amount due and ordering a sale of the property, the defendant Cecil Leahy, the owner of the legal title, brings this appeal.

The defendant as appellant in this court contends that the petition filed in the lower court does not state a cause of action, for the reason that it fails to allege that no action at law had been commenced for the recovery of any or all of the amounts due under the contract of sale, as required by section 20-2144, Comp. St. 1929. This contention is without merit. This court has held that the provision of the statute above referred to applies alone to formal mortgages, and not to mortgages or liens arising out of the equities between the parties. *Dimick v. Grand Island Banking Co.,* 37 Neb. 394. This action being one to foreclose a contract of sale of real estate, it does not fall within the provisions of the statute and such an allegation is not required.

The defendant further contends that the trial court

erred in not permitting the defendant to show that his failure to comply with the terms of his contract was caused by an unusual and unprecedented drought which prevented any returns being had with which to meet the delinquent instalments. There being nothing in the contract upon which such a defense could be based, it is not a defense and the trial court properly rejected this offered testimony.

An examination of the record fails to disclose any error on the part of the trial court. The decree appealed from was properly entered and the same is hereby

AFFIRMED.