E. H. LUIKART, RECEIVER, APPELLEE, V. BANK OF BENKEL-MAN, APPELLANT.

272 N. W. 324

FILED APRIL 2, 1937. No. 29954.

*Victor Westermark* and *Perry, Van Pelt & Marti,* for appellant.

*C. D. Ritchie* and *F. C. Radke, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and CLEMENTS, District Judge.

GOOD, J.

This action was instituted by E. H. Luikart, as receiver of the Farmers & Merchants State Bank of Benkelman, insolvent (hereinafter referred to as the F. & M. bank), for foreclosure of a contract entered into between the F.

& M. bank and defendant prior to insolvency of the former. Plaintiff had decree, and defendant has appealed.

In March, 1930, the contract in question was entered into, and by its terms the F. & M. bank agreed to assume and, upon demand, pay the following liabilities of defendant as they appeared on its bank statement as of March 20, 1930: (a) Deposits of corporations, individuals, firms, county and state; certificates of deposit; cashier's checks and certified checks; (b) bills payable plus interest to March 24 on such of the above-mentioned items as draw interest. In consideration of this the defendant executed to the F. & M. bank a collateral note in the face amount of $250,000, with the president and two directors of defendant signing as guarantors, and on the same day a contract was entered into between the F. & M. bank and defendant whereby defendant agreed to transfer and deliver to the F. & M. bank:

"a. All cash on hand of Bank of Benkelman.

"b. All moneys due Bank of Benkelman from other banks, bankers and trust companies. Interest due from such banks, bankers, and trust companies is to be added. * * *

"c. All of the bills receivable of Bank of Benkelman (including interest due thereon). * * *

"d. All real estate, leasehold interests, and all other character of property, real, personal or mixed owned by Bank of Benkelman and not included in the preceding property itemizations shall be transferred and delivered to a trustee. Said trustee to be chosen by Farmers & Merchants State Bank and Bank of Benkelman. Such property to be liquidated and the proceeds credited on the above-mentioned note." Then follow other provisions as to credit to be made upon the collateral note from the cash and liquidation of assets. The contract further provided for the appointment of a liquidating agent by defendant, and that, in the event the obligations assumed by the F. & M. bank do not amount to $250,000, then credit shall be given upon said promissory note for the difference, and if such

obligations exceed $250,000, then defendant is to make good that amount to the F. & M. bank. This contract was executed under seal by both contracting parties and contained many other provisions which it is not necessary to consider.

In plaintiff's petition it was alleged: "No proceedings at law have been had for the recovery of the debt evidenced by said contract and 'collateral note.'" This allegation was denied in defendant's answer. Section 20-2144, Comp. St. 1929, provides in part: "Upon filing a petition for the foreclosure or satisfaction of a mortgage, the complainant shall state therein whether any proceedings have been had at law for the recovery of the debt secured thereby, or any part thereof." Defendant contends that this allegation in the petition for foreclosure of the contract is necessary and, when denied, as in the case at bar, the burden is upon plaintiff to establish such allegation by the evidence before he is entitled to a decree of foreclosure.

This court has on numerous occasions held that, in the foreclosure of a formal mortgage, it was necessary for the plaintiff, not only to allege that no action at law had been instituted for recovery of the debt, but, if such allegation was denied, to establish it by evidence. Among the cases so holding are *Reed v. Good,* 114 Neb. 777, 209 N. W. 619; *Quesner v. Novotny,* 113 Neb. 827, 205 N. W. 566; *Young v. Thompson,* 114 Neb. 804, 210 N. W. 407. This court on a number of occasions has also held: "The provision of the Code, that the plaintiff shall state in his petition whether any proceedings had been had at law for the recovery of the debt, or any part thereof, applies alone to formal mortgages, and not to mortgages or liens arising out of the equities between the parties." Cases so holding are *Dimick v. Grand Island Banking Co.,* 37 Neb. 394, 55 N. W. 1066; *Connecticut General Life Ins. Co. v. Leahy,* 125 Neb. 644, 251 N. W. 278; *Bankers Life Ins. Co. v. Ohrt,* 131 Neb. 858, 270 N. W. 497.

An examination of the record discloses that the contract sought to be foreclosed in this action was one between the

contracting parties; that both banks executed the instrument under seal. The contract contained many provisions that are unusual in a formal mortgage; it did not provide for the payment of a specified sum by defendant, but required the F. & M. bank to do many things that a mortgagee is not ordinarily required to do. We are constrained to hold that the contract sought to be foreclosed in this action is not a formal mortgage, and that, under the decisions above quoted, the statutory provision has no application.

Defendant seems to contend that, plaintiff having alleged in his petition that no proceedings at law had been had for collection of the debt, denial of this allegation in the answer required plaintiff to sustain the allegation by evidence. The contention is unsound.

Section 20-1102, Comp. St. 1929, provides in part: "An issue of fact arises: First. Upon material allegation in the petition denied by the answer." In *Herpolsheimer v. Citizens Ins. Co.*, 79 Neb. 685, 113 N. W. 152, this court held: "A general denial in an answer puts in issue only such pleaded facts as are necessary for the plaintiff to prove in order to enable him to recover."

The only error of which defendant complains is not well taken. Judgment

AFFIRMED.

CLEMENTS, District Judge, dissents.