### GEORGE W. LUNT *versus* CYRUS WORMELL.

In trespass de bonis asportatis, where the defendant pleaded the general issue, and filed a brief statement justifying as a collector of taxes, the plaintiff was held entitled to the opening and closing argument to the jury.

Where the tax act prescribes an essential difference in the mode of assessing resident and non-resident taxes — and the real estate of a resident has been assessed as non-resident, the collector must pursue the mode pointed out by statute for the collection of non-resident taxes, and is not justified in seizing and selling personal property.

EXCEPTIONS from the District Court, WHITMAN J. presiding.

This was an action of trespass for taking and carrying away the plaintiff's cow. The defendant pleaded the general issue, and filed a brief statement justifying as collector of the town of Peru for the years 1837 and 1838. It was admitted that the cow was taken and sold by him and that the balance of the price exceeding the plaintiff's tax, was tendered him.

It was proved that the plaintiff was a resident in Peru during the years 1837 and 1838.

The tax bills and warrants for collection were offered and read and from their inspection it was contended, that the tax for the non-payment of which the cow was sold, was assessed on non-resident lands — whether they were or not so assessed was at the instance of the plaintiff's counsel, and without objection on the part of the defendant's counsel, submitted to the jury — who were instructed by the presiding Judge that if such was the fact, to find for the plaintiff.

The defendant's counsel claimed the right to open and close, but the Court ruled that it belonged to the plaintiff.

A verdict was rendered for the plaintiff and exceptions to the several rulings of the Court tendered and allowed,

Lunt *v.* Wormell.

*Fessenden & Deblois,* for the defendants, contended as the affirmative of the issue was on them, that they had the right to open and close. *Davis* v. *Mason* 4 Pick. 156; *Brooks* v. *Barrett,* 7 Pick. 94; *Goodtitle* v. *Braham,* 4 T. R. 497; *Jackson* v. *Heskett,* 2 Stark. R. 454.

The st. 1831, c. 514, requires the general issue in all cases to be pleaded. The general issue and a brief statement are equivalent to a plea in bar. *Hodsdon* v. *Foster,* 9 Greenl. 113; *Fillebrown* v. *Webber,* 14 Maine R. 441; 1 Stark. Ev. 384.

Whether the tax was or not assessed on non-resident lands was a matter of law, to be determined by inspection — and should not have been submitted to the jury. *Davis* v. *Boardman,* 12 Mass. R. 80; *Revere* v. *Leonard & al.* 1 Mass. R. 91; *Howe* v. *Bass,* 2 Mass. R. 380; *Thompson* v. *Ketcham,* 8 Johns. 190; *Miller* v. *Lord,* 11 Pick. 11; *Howe* v. *Huntington,* 15 Maine R. 350; 3 Wheeler's Abr. 379; *Morton* v. *Fairbanks,* 11 Pick. 368.

*F. O. J. Smith,* for the plaintiff. It is too late for the counsel to object to the ruling of the court, they having at the time acquiesced in it. 1 Stark. Ev. 437; *Robinson* v. *Cook,* 6 Taunt. 336; *Winter* v. *Muir,* 3 Taunt. 531; *Ritchie* v. *Bonsfield,* 7 Taunt. 309; *Spalding* v. *Alfred,* 1 Pick. 37; *Colley* v. *Merrill,* 6 Greenl. 50; *Holbrook* v. *Bruce,* 552.

The plaintiff had the right to open and close. *Ayer* v. *Austin,* 6 Pick. 225.

*Per Curiam.* If the tax, for the non-payment of which the property in dispute was seized, can be regarded as a taxation of his property as a resident, the defendant has made out his justification; otherwise not. The general law in relation to taxes, st. 1821, c. 116, § 15, provides, that taxes shall be assessed and apportioned according to the then last tax act of the legislature. The tax acts which should have governed in the assessment of these taxes, makes an essential difference, both in form and substance, in the modes of assessing resident and non-resident taxes.

The tax bills show the plaintiff to have been a resident in

Peru, and assessed as such, during the years 1837 and 1838, and that the lands were taxed as non-resident. The tax cannot be supported as a tax on the property of a resident, because the regulations prescribed for the assessment of such property were not pursued. They must then be regarded as a tax on non-resident property — and being so, the justification set up has failed.

Whether this question was or not properly submitted to the jury, has become immaterial, inasmuch as their decision was correct.

As in this case, the plaintiff is in no event entitled to recover, the right to open and close becomes immaterial. We have, however, examined the case of *Ayer* v. *Austin,* 6 Pick. 225, and are satisfied that in this respect the ruling of the Court below was correct. It is true, st. 1831, c. 514, requires the general issue in all cases to be pleaded. The Court cannot know that the general issue would not have been pleaded without the statute requisition, and that it is pleaded compulsorily. There is no record made by which that fact can be known. We think the practice in this respect is not to be changed.