JAMES WALDEN

*v.*

J. W. LEWIS *et al.*

1.  ERROR WILL NOT ALWAYS REVERSE—*excluding evidence.* Even if the court commits an error in refusing to permit a question to be answered by a witness, yet, if it appears that the witness gave all the evidence that

was sought to be elicited by the question, which in any view of the case was material, the judgment will not be reversed.

2. COSTS—*defective abstract.* Where the appellant omits material parts of the evidence from his abstract, and thus imposes the necessity upon the appellee of filing an additional abstract, and the judgment is affirmed, the appellant must pay for the additional abstract, and it will be taxed as costs against him.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. GAPEN & EWING, for the appellant.

Messrs. CORLOCK, KARR & KARR, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This action was commenced before a justice of the peace of McLean county, to recover the price of a corn planter, alleged to have been sold and delivered by the plaintiffs to the defendant, and thence taken by appeal to the circuit court of that county. When the suit was commenced, Wesley Walden and John Merrifield were made defendants, with the appellant, but before the trial in the circuit court, appellees dismissed the suit as to them. Appellant then filed a plea in abatement, on account of the non-joinder of these parties, upon which issue was joined and trial had, resulting in a judgment in favor of appellees.

During the progress of the trial, appellant was sworn and testified as a witness; and, after testifying that he did not buy the corn planter for himself, his counsel propounded several questions to him, all seeking to obtain an answer showing that he purchased it for himself and Wesley Walden and John Merrifield, jointly. To several of these questions objections were urged, and sustained by the court, but, finally, this question was asked and objected to, and the objection subsequently withdrawn and the answer given without objection—

"*Question*—State whether or not, in any of the conversations you had with plaintiff's agent, anything was said about Wesley Walden and John Merrifield being jointly interested with you in the purchase of the corn planter in controversy?

"*Answer*—In all the conversations but the first, I told Mr. Isgrigg that Wesley and John Merrifield were to buy with me. I told Isgrigg that I would not buy a corn planter if Wesley and Merrifield did not take an interest in the planter. Isgrigg knew all about it, as much about it as I did."

Appellant insists that the court erred in sustaining the objections to the questions asked by his counsel, and in refusing to permit him to answer them.

Even if there was error in this, we are unable see how appellant was prejudiced by it. He had previously sworn that he did not buy the corn planter for himself alone; and, in the answer which he was subsequently permitted to give, he swears to all that was said upon the subject at the time the purchase was made from the agent of appellees. He therefore, in fact, gave evidence of all that, in any view of the case, was material, notwithstanding the questions ruled out. Not having been injured by the error, if such it was, he has no cause to now complain of it.

The evidence clearly and decidedly preponderates in favor of the appellees, and the verdict of the jury was right.

Appellant omitted material parts of the evidence from his abstract, and thus imposed the necessity upon appellees of filing an additional abstract. For this he must pay.

The judgment of the court below will be affirmed, and the appellees will recover from the appellant, as well as their other costs, costs to be taxed for the additional abstracts filed by appellees.

*Judgment affirmed.*