HUGH JOHNSON *vs.* FRANK JOSEPHS.

Cumberland. Opinion January 1, 1884.

*Practice. Pleadings. The right to open and close.*

When a plaintiff has anything to prove to make out a full and perfect case, if it be no more than to establish the amount of his damages, where the damages are unliquidated and not nominal or assessable by computation merely, he has the right to open and close.

In an action for an assault and battery the defendant pleaded "*son assault demesne,*" the plaintiff replied "*de injuria,*" and the defendant was allowed to open and close, the plaintiff objecting. *Held,* that the plaintiff had the burden of showing the amount of damages sustained, and that depriving him of the right to open and close is cause for a new trial.

ON EXCEPTIONS by the plaintiff.

Trespass in which the plaintiff claimed damages in the sum of two thousand dollars for an alleged assault and battery by the defendant upon the person of the plaintiff.

The pleadings and the question presented to the law court are stated in the opinion.

*H. D. Hadlock,* for the plaintiff cited: *Carter* v. *Jones,* 6 Car. & P. 64; *Sawyer* v. *Hopkins,* 22 Maine, 276; *Page* v. *Osgood,* 2 Gray, 260; *Dorr* v. *Tremont Nat. Bank,* 128 Mass. 359; 1 Greenl. Ev. § 76, note 4; *Chamberlain* v. *Gaillard,* 26 Ala. 504; *Benham* v. *Rowe,* 2 Cal. 387; *Young* v. *Highlands,* 9 Gratt. (Va.) 16; *Mercer* v. *Whall,* 48 E. C. L. 447; *Davis* v. *Mason,* 4 Pick. 156; *Norris* v. *Ins. Co. of N. A.* 3 Yeates, 84; *Scott* v. *Hull,* 8 Conn. 296.

*M. P. Frank*, for the defendant, contended that this case came within the well defined and established rule, that the party having the affirmative of the issue, and consequently the burden of proof shall open and close the case to the jury.

By the pleadings the defendant had the affirmative of the issue. If the defendant had failed to satisfy the jury of the truth of his plea that the plaintiff made the first assault and he only acted in defence, the verdict must have been against him. It was important to him to have the close. *Davis* v. *Mason*, 4 Pick. 159; *Ayer* v. *Austin*, 6 Pick. 224; *Brooks* v. *Barrett*, 7 Pick. 94; *Morse* v. *Jewett*, 5 Dane's Abr. 563.

In this country it is deemed a matter of discretion in the justice presiding to determine in cases of this sort who shall open and close. 1 Greenl. Ev. Part II, c. 3, and cases cited.

The only case that would seem in any measure to support the position of plaintiff is *Sawyer* v. *Hopkins*, 22 Maine, 268, and all there is in that case which sustains the plaintiff is merely a dictum of the learned judge who drew the opinion. The question as to which party should open and close the case was not before the court.

A verdict against the defendant under the pleading would have put him in the position that he would have been in, had he suffered a default, or if judgment had been rendered against him upon demurrer. In that case the plaintiff would have had a right to move for an assessment of damages, and then upon that assessment he would have the open and close. *Hanley* v. *Sutherland*, 74 Maine, 212.

PETERS, C. J. Plaintiff sued for an assault and battery. Defendant pleaded "*son assault demesne*," and plaintiff replied "*de injuria*." Under these pleadings the defendant, against the plaintiff's protest, was allowed by the court "to open and close." This was contrary to what we regard as the well settled practice in this state. The rule of practice and of law in this state, is that, when a plaintiff has to prove *anything* to make out a full and perfect case, he is entitled to open and close. The test is, whether he need put in any proof of any part of his claim. In

this case, the burden fell upon him to prove the extent of the damages sustained. It is a case of unliquidated damages, and not a case of nominal damages, or of damages to be assessed by computation merely.

The plaintiff certainly had something to prove. The counsel for the defendant contends that the defendant's plea confessed everything alleged against him. We think not. It did not admit more than a general demurrer or a default would admit, and that would be nominal damages only. *Hanley* v. *Sutherland*, 74 Maine, 212, and cases cited. The plea of " *son assault demesne* " is but a qualified admission of the injury alleged. The point may be tested in this way : Suppose that, after the pleadings were completed the defendant had rested without any proof whatever. Judgment would go for the plaintiff, no doubt. But for how much? Would the court order judgment for the sum of one thousand dollars, the amount of damages which the plaintiff alleges, or would the plaintiff be required to prove the damages?. Can it be, that a plea of *son assault demesne* admits any amount of damages which a plaintiff inserts in the *ad damnum* of his writ? If so, a plaintiff may prevent the plea in many cases by alleging exaggerated damages.

In fact, the defendant cautiously worded his plea to avoid admitting the whole injury charged. He says he did " unavoidably *a little* beat, bruise and ill-treat the said plaintiff." One of the issues of the case, therefore, was whether the beating was little or much. The declaration for an assault and battery is usually formal and general. Under the common form, in our practice, the plaintiff may prove malice as the foundation for punitive damages. The damages are necessarily a matter of uncertainty. The judicial discretion of a jury can be invoked by a plaintiff to settle them, and whatever the pleadings, if in the common form, there must be proof of the nature and extent of the injury sustained. We think there might be great abuse of the practice, if the ruling in this case be sustained. Defendants would adopt the plea of self defence, in order to have the last word, in cases where no real question exists but to have the amount of damages

ascertained. It is not the natural order of things to hear the accused before the accuser is heard.

In the trial of this cause there was testimony upon both sides. No one would doubt that the plaintiff proceeded with testimony after the defendant's side was closed. The defendant had the privilege of closing the argument upon the question of the extent of the plaintiff's injury and amount of damages thereby sustained. To take the lead, a defendant " must admit all the facts necessary to be proved by the plaintiff," and not merely a *prima facie* case. *Spaulding* v. *Hood*, 8 Cush. 602. "When anything is left for the plaintiff to show, he has the right to begin and close." *Thurston* v. *Kennett*, 2 Foster, N. H. 151 ; *Belknap* v. *Wendell*, 1 Foster, N. H. 175. The latest authorities sustain the plaintiff's view upon this question. See 1 Green. Ev. § § 75, 76, and English and American cases cited in notes of the latest editions. *Lunt* v. *Wormell*, 19 Maine, 100 ; *Sawyer* v. *Hopkins*, 22 Maine, 276 ; *Washington Ice Co.* v. *Webster*, 68 Maine, 449 ; *Page* v. *Osgood*, 2 Gray, 260 ; *Dorr* v. *Tremont National Bank*, 128 Mass. 359 ; *Carter* v. *Jones*, 6 C. & P. 64 ; *Mercer* v. *Whall*, 5 Ad. & El. N. S. 447.

The favor extended to the defendant deprived the plaintiff of a valuable legal right — one highly prized by advocates. It did not rest in the discretion of the trial judge to grant it. The rule should be fixed and certain, and not be subject to the varying judgments of different judges. The bar should know what the rule is, and that it may be depended upon.

*Exceptions sustained.*

Walton, Virgin, Libbey and Symonds, JJ., concurred.