SAMUEL O. ELDER, Respondent, v. GENERAL J. OLIVER, Appellant.

| 30a 575 |
| 31a 11 |
| 31a 350 |
| 31a 355 |

St. Louis Court of Appeals, April 24, 1888.

1. ARGUMENT, RIGHT TO OPEN AND CLOSE.—The right to open and close the argument rests much in the sound discretion of the court trying the cause, and error in that regard will not be a ground for reversal, unless it plainly appear that injury has resulted. The general rule appears to be, that the right is with the plaintiff in every case where, in order to recover, he has something to prove, whether to establish his right, or to show the extent of his damages.

2. SLANDER—JUSTIFICATION, HOW SUSTAINED.—In a suit for slander in charging the plaintiff with larceny, the plea of justification must be sustained by the same amount of evidence that would be required to convict in a criminal procedure.

3. —— Justification—Guilty Possession. — When the defend-
ant, in support of his plea of justification, relies on evidence of
the plaintiff's guilty possession of stolen property, it is not error to
instruct that it devolves upon him to show that the property had
been feloniously stolen, taken, and carried away, before such pos-
session could become a guilty possession demanding explanation.

Appeal from the Louisiana Court of Common
Pleas, Hon. E. M. Hughes, Judge.

*Affirmed.*

D. A. Ball and Champ Clark, for the appellant:
Refusing the opening and the closing of the case to the
defendant, under the instructions, gave the plaintiff an
undue advantage; more so, even, than is accorded to a
defendant in a criminal case. The court committed an
error in giving the instructions asked for on the part of
plaintiff, requiring the defendant to prove said charge
by same amount of evidence as is required to convict in
criminal cases and beyond a reasonable doubt. *Wood-
rop v. Thacher*, 11 Atl. Rep. 621; *Carson v. Porter*,
22 Mo. App. 179; *Wood v. Hibbish*, 23 Mo. App. 389.
In all civil cases it is the duty of the jury to decide in
favor of the party on whose side the weight of evidence
predominates. *Marshall v. Ins. Co.*, 43 Mo. 586.

W. H. Morrow, E. Robinson, and E. T. Smith,
for the respondent.

Thompson, J., delivered the opinion of the court.
This was an action for slander, in uttering words
which imputed to the plaintiff the commission of the
crime of larceny. The defendant admitted the utter-
ing of the words, and justified by alleging their truth,
and by alleging several distinct acts of larceny com-
mitted by the plaintiff prior to the uttering of the
words. After two mistrials there was a verdict and
judgment for the plaintiff in the sum of seventy-five

dollars, from which the defendant prosecutes this appeal. The errors assigned are :

I. Refusing the opening and closing of the argument to the defendant. This error is not well assigned. Contrary to the rule which obtains in most jurisdictions, the rule in this state is, that "the right to open and close generally rests very much in the sound discretion of the court trying the cause, and an error committed in that regard will not be sufficient to reverse a case, unless it is plainly made to appear that injury has resulted therefrom." *Harvey v. Sullens*, 56 Mo. 373 ; *Reichard v. Ins. Co.*, 31 Mo. 518 ; *Farrell v. Brennan*, 32 Mo. 333. There is nothing in this record tending to show that any injury resulted to the defendant from the ruling of the court in awarding the opening and closing to the plaintiff.

It may not be improper to add, that in England and in most American jurisdictions where the right to open and close is regarded of such a substantial nature that the denial of it is assignable for error, the plaintiff has this right in every action for slander or libel. *Vifquain v. Finch*, 15 Neb. 505 ; *Burckhalter v. Coward*, 16 S. C. 435, 443 ; *Fry v. Bennett*, 3 Bosw. (N. Y.) 200, 232 ; s. c., affirmed, 28 N. Y. 324. In *Cooper v. Wakley*, Mood. & M. 248, Lord Tenterden ruled the contrary. But this decision has been overruled in England, and has not been the law in that country since the decision in the leading case of *Mercer v. Whall*, 5 Ad. & El. (N. S.) 447, in which last case (at page 463), Lord Denman, C. J., said : "If ever a decision was overruled on great deliberation, and by an undeviating practice afterwards, it was that in *Cooper v. Wakley*." The English judges, soon after the accession of Lord Denman to the office of Chief Justice of the Queen's Bench, met and discussed this troublesome question, and adopted the following rule : "In actions for libel, slander, and injuries to the person, the plaintiff shall begin, although the affirmative is on the defendant." A sketch of the history of this

rule is given by Lord Denman in his opinion, in *Mercer v. Whall*, *supra*. Two American decisions (*Moses v. Gatewood*, 5 Rich. L. [S. C.] 234, and *Ransone v. Christian*, 56 Ga. 351) hold that, in actions for libel and slander, where the defendant pleads justification, he assumes the affirmative, and the right to begin and reply is with him ; but both are contrary to sound principle, and the former is overruled in the state in which it was pronounced, by *Burckhalter v. Coward*, *supra*.

This conclusion is in conformity with a rule settled in England after a great controversy and generally followed in this country, that the right to open and close is with the plaintiff in every case where, in order to recover, he has *something to prove*, whether to establish his right or to show the extent of his damages. *Mercer v. Whall*, 5 Ad. & El. ( N. S.) 447 ( overruling *Cooper v. Wackley*, Mood. & Mack. 248 ) ; *Huckman v. Fernie*, 2 Jur. 444 ; *Veiths v. Hagge*, 8 Iowa, 163 ; *Robinson v. Hitchcock*, 8 Metc. ( Mass.) 64 ; *Perkins v. Ermell*, 2 Kan. 325, 330 ; *Amos v. Hughes*, 1 Mood. & R. 464 ; *Ridgway, v. Ewbank*, 2 Mood. & R. 217 ; *McConnell v. Kitchens*, 20 S. C. 430, 433 ; *Boyce v. Lake*, 17 S. C. 481 ; *Kennedy v. Moore*, 17 S. C. 464 ; *Burckhalter v. Coward*, 16 S. C. 435 ; *Brown v. Kirkpatrick*, 5 S. C. 267 ; *Johnson v. Josephs*, 75 Me. 544; *Spaulding v. Hood*, 8 Cush. ( Mass. ) 602 ; *Thurston v. Kennett*, 22 N. H. 151 ; *Belknap v. Wendell*, 21 N. H. 175 ; *Lunt v. Wormell*, 19 Me. 100 ; *Sawyer v. Hopkins*, 22 Me. 276 ; *Washington. Ice Co. v. Webster*, 68 Me. 449 ; *Page v. Osgood*, 2 Gray ( Mass.) 260 ; *Comstock v. Hadlyme Ecc. Soc.*, 8 Conn. 254, 261 ; *Bills v. Vose*, 27 N. H. 212 ; *Chesley v. Chesley*, 37 N. H. 229 ; *Seavey v. Dearborn*, 19 N. H. 351 ; *Fetters v. Muncie National Bank*, 34 Ind. 251 ; *Baltimore R. Co. v. McWhinney*, 36 Ind. 436, 444 ; *Hamlyn v. Nesbit*, 37 Ind. 284 ; *Thompson v. Mills*, 39 Ind. 528 ; *Williams, v. Allen*, 40 Ind. 295 ; *Camp v. Brown*, 48 Ind. 575 ; *Aurora v. Cobb*, 21 Ind. 493, 509 ; *Shaw v. Barnhart*, 17 Ind. 183 ; *Buzzell v.*

*Snell*, 25 N. H. 474, 478 ; *Hoxie v. Greene*, 37 How. Pr. 97 ; *Carter v. Jones*, 6 Carr. & P. 64 ; s. c., 1 Mood. & Rob. 281 ; *Rogers v. Diamond*, 13 Ark. 474. Compare *Pope v. Latham*, 1 Ark. 66 ; *Finley v. Woodruff*, 8 Ark. 328.

II. The next error assigned is, that the court erred in giving instructions, at the request of the plaintiff, to the effect that, in order to establish his justification, it was necessary for the defendant to prove the acts of larceny charged against the plaintiff, by the same amount of evidence which is required to convict in criminal cases, that is, beyond a reasonable doubt. It was ruled by the Supreme Court in *Polston v. See*, 54 Mo. 291, that this is the law, and we know of no subsequent decision of our Supreme Court holding the contrary. We must, therefore, overrule this assignment of error.

III. The next assignment of error is, that the court refused the following instruction as requested by the defendant, but gave it after adding thereto the concluding sentence in brackets :

"The jury are instructed that the possession of property recently stolen is presumptive evidence of the guilt of the person in possession of the stolen property ; and if the jury believe, from the evidence, that the plaintiff had in his possession any of the hogs of John Jackson, which had been recently stolen, or had marked the same in his own mark soon after the same was stolen, or if he had possession of the sow belonging to William Lonergan soon after the same was stolen, or if he had possession of the Norvell heifer soon after the same was stolen, or if he had possession of one of the hogs of the defendant soon after the same was stolen, then the burden of proving how he came into possession of the hog, or hogs, of said Jackson, and the sow of said Lonergan, and the heifer of said Norvell, and the hog of defendant, is upon the plaintiff, Samuel O. Elder, Jr., and unless he has shown this to the satisfaction of the jury, they will find for the defendant. [But it devolves upon the defendant to show, by the evidence

in the case, that the above-named property had been feloniously stolen, taken, and carried away before such possession of plaintiff becomes a guilty possession demanding an explanation at his hands.]"

There is certainly no error in the concluding sentence which is complained of ; and, as the evidence is not set out in the record, we must presume, in support of the action of the trial court, that the state of the evidence was such as rendered it a proper cautionary instruction.

All the judges concurring, the judgment is affirmed.