St. Louis, Kansas City & Colorado Railroad Company, Appellant, v. Martha F. North, Respondent.

### St. Louis Court of Appeals, May 29, 1888.

1. Misconduct—Talking to Jury—Practice, Appellate.—Remarks improperly made to a jury about the merits of a case pending before them will furnish no ground for a reversal, when the irregularity was not properly objected to at the time of its occurrence.

2. Condemnation Proceedings—Opening and Closing.—In a condemnation proceeding to subject land to railroad purposes, there is no error in permitting the defendant land-owner to open and close the case.

3. DAMAGES—DANGER FROM FIRE.—A supposed increase of danger
from fire is not a proper element of damages to be considered in
the owner's favor, in a proceeding under the statute to condemn
land for railroad purposes.

APPEAL from the Franklin Circuit Court, HON.
RUDOLPH HIRZEL, Judge.

*Reversed and remanded.*

JOHN C. ORRICK, for the appellant: The burden
was on the plaintiff, the St. Louis, Kansas City & Col-
orado Railroad Company, and it had the right to open
and close the case ; the ruling of the court below in this
regard was error. Const. of Mo., art. 2, sec. 21; Rev.
Stat., sec. 896 ; *Railroad v. Ridge*, 57 Mo. 599;
*Almeroth v. Railroad*, 13 Mo. App. 91 ; *McReynolds
v. Railroad*, 106 Ill. 157 ; Whart. on Evid., sec. 357 ;
*Neff v. Cincinnati*, 32 Ohio St. 215 ; *Ins. Co. v. Penna*,
16 Ohio, 324 ; *Geach v. Ingall*, 14 M. & W. 385 ; *Ashby
v. Bates*, 15 M. & W. 589 ; *Huntington v. Carkey*, 33
Barb. 218 ; *Young v. Highland*, 9 Gratt. 16 ; *City v.
Frank*, 9 Mo. App. 579 ; 1 Arch. Prac. 385. The court
erred in its instruction number three, given at the
instance of defendant, wherein it told the jury that it
might consider the ordinary danger of injuries by fire
created by the construction and operation of plaintiff's
road so far as they might believe such danger lessened
the value of the land. Such damages, if any, are too
remote, and should not have been considered by the
jury. *Parrot v. Railroad*, 10 Ohio St. 624 ; *Proprie-
tors v. Railroad*, 10 Cush. 385 ; *Turnpike Co. v. Rail-
road*, 11 N. J. Law, 314 ; *Rodemacher v. Railraad*, 41
Iowa, 297 ; *Railroad v. Lazarus*, 28 Penn. 203. The
judgment in this case should be reversed because F.
A. North, representative of the defendant, who was
present with the jury when they viewed the premises
sought to be condemned, violated the order of the court,
and attempted, by his conversation with the jury, to
influence their verdict.

CREWS & BOOTH and MARTIN, for the respondent.

PEERS, J., delivered the opinion of the court.

This is an action under the statute to condemn certain lands of the defendant for the use of the plaintiff in constructing its railroad track through Franklin county, Missouri.

On the presentation of the petition the court appointed commissioners who, after viewing the land, assessed the damages at $257.66. To this report and assessment the defendant filed her exceptions, which the court sustained, and the matter was thereupon submitted to a jury.

This case is very similar to the one against F. A. North by the same plaintiff (*ante*, p. 345), the issues and questions in each being the same with this exception: On the trial of this cause, the court, by consent of both parties, instructed the jury to "view the land," and placed them under the care of a deputy sheriff for that purpose, instructing them as follows:

"The sheriff will take you to-morrow morning to view the lands of Martha F. North, through which the St. Louis, Kansas City and Colorado Railroad Company has obtained a right of way and built the railroad. You will examine the lands of said Martha F. North and also the right of way, embankment, and tracks of the Colorado Railroad, with the view to ascertain the value of the land taken by the railroad as a right of way and the damage done to the whole tract of land by reason of said right of way and the construction of said railroad. You will also examine the location and lay of the land and the quality and value of all of said land so far as you can ascertain the same by simply viewing it. You will be shown the lands of defendant, Martha F. North, and its boundary lines, and also plaintiff's right of way, by a witness of plaintiff and one witness of defendant. You will not allow these witnesses nor any one else to speak to you about the damages, nor will you allow any

one to influence your minds. You are not to decide this case from what you see on or about the land and right of way, but you are sent there to enable you to better understand the evidence introduced after your return. You must leave your minds free and unbiased and you must not speak about the merits of the case even among yourselves. After viewing the lands and right of way as above referred to, you will at once return to court with the sheriff and 'you will then try the cause upon the evidence which will be introduced and the law to be declared by the court, when your view and appraisement of the land will assist you in weighing the evidence and to arrive at a correct conclusion.''

Pursuant to this order the sheriff, together with one Eckert representing the plaintiff, and F. A. North acting for the defendant, repaired to the land, and while viewing the same Mr. North called the attention of the jury to the lay of the land, and especially to a certain farm-crossing, using the words : ''Now you can see for yourselves that this is the only place that a crossing could be made.'' The jury returned into court and after hearing the evidence returned a verdict for defendant assessing her damages at $473.83.

The plaintiff filed its motion in arrest and for a new trial alleging various grounds therefor, among others, the following :

''Because the jury disobeyed the order of the court while upon the land and allowed one F. A. North to talk to them about the merits of the case.''

The motions being overruled the plaintiff appealed.

We are not prepared to say that the remarks of Mr. North were intended by him to influence the minds of the jurors ; in fact, he seems to have made them with the approval and in the presence of Eckert, the representative of the plaintiff, who consented thereto. But it was, nevertheless, improper and in violation of the instructions of the court. While this is true, it does not afford ground for reversal, because the plaintiff's counsel were apprised of it when the jury returned

from viewing the land. They did not then bring the matter to the attention of the court and offer their objections and exceptions, as it was their duty to do. A party cannot stand by and see an irregularity take place, omit to call the attention of the court to it, take his chances of a favorable verdict, and then if the verdict is against him make it a ground for a new trial. No proposition in judicial procedure is better settled than this.

Nor will this judgment be interfered with on the second ground assigned, *i. e.*, the objection that the plaintiff was not permitted to begin and reply, since that is a matter of discretion with the court, and no abuse of the discretion appears. *Elder v. Oliver*, 30 Mo. App. 575, and *St. L., K. C. & Col. Railroad v. North, ante*, p. 345.

The other question growing out of giving the instruction as to damages by fire is fatal to this judgment and necessarily demands a reversal of the case. Damages by fire are sometimes the result of negligence and quite frequently the result of unavoidable accident which necessarily attends the operation of a steam railway. Those which are the result of negligence cannot be taken into consideration in estimating damages in condemnation proceedings for the very good reason that negligence is a wrong, and it is not to be presumed that such an injury will take place. On the other hand the authorities seem to hold that those which are the outgrowth of unavoidable accident ( or the usual danger without negligence ) which attends the operation of steam railways may be taken into consideration in estimating such damages. *Railroad v. Yeiser*, 8 Pa. St. 366 ; *Railroad v. Barlow*, 3 Ore. 311. But since the recent statute ( Acts 1877, p. 101 ) there can be no question but that railroad companies are responsible for injuries by fire communicated from their locomotives, irrespective of the matter of negligence ; and landowners may have an action under the statute for such

damages in every case regardless of the matter of negligence. Therefore, the instruction, as well as the evidence bearing on this question, was improperly given and admitted, as such prospective damages cannot be properly assessed in proceedings of this nature. 27 Pa. St. 99; 29 Pa. St. 203; 2 Mees. & W. 824; 10 Cush. 385; 41 Iowa, 297.

It is very desirable that matters of this character should be settled upon view, but it is equally important that the rights of all parties should be properly guarded.

On account of the error last mentioned, the judgment will be reversed and the cause remanded. The other judges concur.