## August Geringer v. Edward J. Novak.

### Gen. No. 11,575.

1. GENERAL ISSUE—*effect of withdrawal of, in action for libel.* The withdrawal of a plea of the general issue in an action for libel does not admit all the allegations of the plaintiff's declaration where the plea of justification still remains on file, and an instruction which in effect so tells the jury is erroneous.

2. CREDIBILITY OF WITNESS—*when instruction as to, erroneous.* An instruction which authorizes the jury to disregard the testimony of a witness notwithstanding his impeachment may not have gone to the extent of showing that he wilfully swore falsely and notwithstanding his contradiction may have been with respect to immaterial matters, is erroneous.

3. INSTRUCTION—*should not take from jury facts properly before them.* An instruction is erroneous which excludes from the consideration of the jury facts which have been proven in a cause without objection.

4. MEASURE OF DAMAGES—*when instruction upon, in action for libel, improper.* An instruction upon this subject in such an action is improper which tells the jury to find as their verdict such sum as the defendant ought to pay rather than such sum as the plaintiff ought to recover.

5. OPENING AND CLOSING—*when denial of, to defendant, not error.* The trial court has a discretion to grant or deny the privilege of opening and closing to a defendant who has withdrawn his plea of the general issue, and the action of such court will not, in the absence of abuse, be reviewed upon appeal.

6. OPENING AND CLOSING—*when right of, remains with plaintiff.* The right to open and close the argument of a case remains with the plaintiff notwithstanding the defendant may have withdrawn his plea of the

general issue, where such plaintiff in order to recover has something to prove, either to establish his right or to show the extent of his damages.

7. PECUNIARY CONDITION—*right of jury to consider, in action for libel.* In an action for libel the jury has the right to consider the pecuniary circumstances of the defendant as shown by the evidence, but evidence with respect to such pecuniary circumstances should be confined to a period of time reasonably close to the date of the publication of the alleged libel.

8. ACQUITTAL—*when proof of, incompetent, in an action for libel.* Proof of acquittal in an action for libel is incompetent where such fact is not in issue in the cause.

9. CONVERSATION—*what evidence competent as a part of.* Where a newspaper article forms a portion of the subject-matter of a conversation material to the issues in the cause, such article, as well as the conversation, is relevant and competent.

10. PLEA OF JUSTIFICATION—*what evidence competent in support of the averments of, in an action for libel.* Evidence which has a more or less direct bearing upon the facts averred as true in a plea of justification filed in an action for libel, is competent.

11. OFFER OF PROOF—*when essential to review.* The action of the court in sustaining an objection to a question cannot be reviewed upon appeal in the absence of an offer of proof, where the evidence sought to be introduced does not otherwise appear.

Action for libel. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed November 28, 1904.

GEORGE W. PLUMMER and ARBA N. WATERMAN, for appellant.

MORAN, MAYER & MEYER, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

March 1, 1901, appellee began an action on the case for libel against appellant. The declaration in four counts charged the publication of the alleged libel on February 1, 1901, by appellant in a newspaper of which he was then the editor and proprietor, to the damage of appellee in the sum of $10,000. Appellant filed a plea of the general issue. While the case was on trial appellant withdrew this plea, and filed pleas of justification and of privilege. May 20,

1902, before the cause was reached for trial, the parties stipulated " that all allegations of fact set out in any of the present pleadings herein by either party, may, subject to objection thereto as to the relevancy, competency and materiality thereof, be shown in the trial of said cause with the same force and effect as if such matters had been properly pleaded." The trial resulted in a verdict finding appellant guilty and assessing appellee's damages at the sum of $3,000. Thereafter a remittitur of $1,000 was entered. A judgment was entered upon such verdict as thus reduced. From that judgment this appeal was perfected.

A translation of the alleged libel, which was printed in the Bohemian language, covers nine pages of the abstract. In view of the conclusions we have reached in the cause, it is not necessary to print it *in extenso*. It is purported, among other things, to be a report of what occurred in the court room of Judge Burke of the Cook County Circuit Court in a proceeding for contempt of court upon the part of appellee, arising out of the divorce suit of Sladek v. Sladek, in which suit appellee was solicitor for the complainant.

At the request of appellee the court gave to the jury the following instruction:

" The court further instructs the jury that it is undisputed in this case that the defendant published of and concerning the plaintiff the libelous article set forth in the plaintiff's declaration, and said libelous article was intended by the defendant to mean what the plaintiff in his said declaration intended it to mean, and that all the other matters alleged in the plaintiff's declaration are true."

It is apparent that this instruction is broader than the law will warrant. By withdrawing the plea of the general issue appellant admitted the publication of the alleged libel; and by his plea of justification he declared it to be true. It follows that the allegations in the declaration that the published article was " false " and was " malicious," were not admitted. " And in all trials for libels, both civil and criminal, the truth, when published with good motives and for justifiable ends, shall be a sufficient defense." Consti-

tution 1870, art. 2, sec. 4.  "In actions for slander or libel, an unproved allegation of the truth of the matter charged shall not be deemed proof of malice, unless the jury on the whole case find that such defense was made with malicious intent."  R. S., ch. 126, sec. 3.

" The fact that a party fails to establish the truth of his plea of justification by a preponderance of proof is not of itself conclusive evidence of malice.  It is sufficient if he believed it was true.  Such a defense can only be deemed proof of malice where it appears from the whole case that it was made with malicious intent; and even then it is simply proof, but not conclusive proof, of malice."  Newell on Defamation, etc., p. 664, sec. 79.  See, also, Hawver v. Hawver, 78 Ill. 412, 413.

In McClure v. Williams, 65 Ill. 390, where special pleas only were interposed, the court say :  " The sixth instruction given for appellee was calculated to mislead the jury. It told them that, by withdrawing the plea of the general issue, the defendant admitted all the material averments in the declaration, without stating what they were.  Under such an instruction, any but lawyers would be liable to be misled to believe that the sum claimed in the declaration was a very material averment.  Before this instruction was given, it should have been so modified as to have informed the jury what material averments were admitted."

It will be noted that the instruction does not confine the admission as to truthfulness to those allegations which are " material," but it informs the jury " that all other matters alleged in the plaintiff's declaration are true."  This language includes matters immaterial as well as matters material.  Hence the jury was bound to accept, without proof, that appellee had always carried on his business honestly, skillfully and " to the comfortable support of himself and family and the increase of his riches; " that by reason of such publication appellee " has also lost and been deprived of great gains and profits," and on account thereof many of his clients " have altogether refused and do still refuse to consult with or retain, or to deal with, or to have anything to do with the plaintiff in his profession and busi-

ness aforesaid." These allegations if true, and the instruction compelled the jury to consider them as true, logically tended greatly to increase the damages suffered by appellee. They would have justified and sustained a finding in damages largely in excess of the sum the jury awarded in this case.

This instruction is in direct conflict with given instruction No. 14, reading : "The court instructs the jury as a matter of law that they are the sole judges of the fact whether the words of the alleged libelous article bear the meaning attributed to them in the innuendoes." Without telling them which instruction correctly stated the law, the trial court left the jury at liberty to follow either. We cannot know which instruction the jury adopted. However, counsel for appellant say : "It was admitted that the defendant published the article introduced in evidence, and by the plea of justification it was admitted that it had the meaning which the plaintiff 'alleged it to have.'" This seems to be the law.

The third instruction given at the request of appellee is as follows :.

"The jury are instructed that in determining the questions of fact in this case, they should consider the entire evidence introduced by the respective parties; but the jury are at liberty to disregard the statement of all such witnesses, if any there be, as have been successfully impeached, either by direct contradiction, or by proof of having made different statements at other times, or by proof of bad reputation for truth and veracity in the neighborhoods where they live—except in so far as such witnesses have been corroborated by other credible evidence, or by facts or circumstances proved on the trial."

The phrase, " as have been successfully impeached either by direct contradiction," etc., does not go far enough. The jury should have been told that " the contradiction must go to the extent that they believe the impeached witness has wilfully sworn falsely upon a material matter, before he is impeached in the sense that his evidence may be disregarded, except there be corroboration." Beedle v. People, 204 Ill. 200. The phrase " or by proof of having

made different statements at other times," is subject to like criticism.   It is also defective in not limiting such statements to matters material to the issues in the case.

The fourth given instruction tendered by appellee reads :

"If the jury believe from the evidence that any witness has been successfully impeached on this trial, or that he has wilfully sworn falsely as to any matter or thing material to the issues in this case, then the jury are at liberty to disregard his entire testimony, except in so far as it has been corroborated by other credible evidence, or by facts and circumstances proved on the trial."

Even where a witness has been successfully impeached, the jury are not justified in disregarding his entire testimony unless they believe from the evidence that such witness has wilfully sworn falsely to some matter material to the issues.   The witness may have innocently made the incorrect statement.

The remainder of the instruction is unobjectionable, except in this : by being put as an equivalent of or in opposition to the phrase "successfully impeached," it leads the jury to believe that under such phrase, in the absence of corroboration, something less than wilful false swearing will justify them in wholly discrediting a witness.   Kornazsewka v. W. C. St. Ry. Co., 76 Ill. App. 370; W. C. St. Ry. Co. v. Schenker, 78 Ill. App. 594; Lieserowitz v. W. C. St. Ry. Co., 80 Ill. App. 255; Baker v. Robinson, 49 Ill. 301.   The instruction is erroneous.

The eighth instruction tendered by appellee and given to the jury is in the following words :

"The court further instructs the jury that in considering this case and in arriving at their verdict they should not in any manner or to any extent be influenced by anything they may have read in any newspaper, or heard in any other way, about the so-called Allen bill or the so-called gas consolidation bill or any other bill or any ordinance mentioned in the evidence in this case, but should decide this case precisely as they would decide it if they had not read or heard any criticism of either of said bills or ordinances."

This instruction, so far as it tells the jury that they were not to be influenced by anything they may have

\* \* \* " heard in any other way " concerning the Allen
bill, or the gas consolidation bill, or any ordinance men-
tioned in the evidence, is too wide.  Under it the jury were
directed to exclude from their consideration competent evi-
dence which was before them without objection as to the
support of said bills and ordinances by appellee, and as to
the financial reward he received for that support.  Whether
such evidence was credible was for the jury.  They had
heard it, and it was not for the court to take its considera-
tion from them, as is done by this instruction.

The twenty-seventh instruction given at the request of
appellee reads :

" The jury are further instructed that if they find the
defendant guilty they should award the plaintiff in this
suit such an amount, by way of damages, as the jury find
from the evidence will be an adequate compensation to him
for the injury inflicted upon his reputation, and that they
may award the plaintiff such further damages, by way of
punishment to the defendant and as an example to others,
as in their sound judgment, under all the evidence of the
case, they believe the defendant ought to pay."

This instruction, while it may not be reversibly errone-
ous, is technically defective.  After the word " guilty " in
the second line, there should have been inserted the phrase,
" from the evidence and under the instructions of the
court."  The instruction tells the jury to award such dam-
ages as " they believe the defendant ought to pay."  The
jury are to inquire, not what appellant can pay, but what
appellee ought to receive.  Holmes v. Holmes, 64 Ill. 294,
299; Smith v. Wunderlich, 70 Ill. 426, 437.

The ruling of the trial judge in refusing to permit appel-
lant to open and to close the case to the jury as to the
introduction of the evidence and as to the argument, was
correct.  The conduct of a trial is largely within the dis-
cretion of the presiding judge.  Error in that regard is not
ground for reversal, unless it plainly appears that injury
has resulted therefrom.  Carpenter v. First Nat'l Bk., 119
Ill. 357.

Even after the general issue was withdrawn appellee had
the right to introduce evidence upon the question of dam-

ages. Upon that issue testimony as to the extent of the circulation of the newspaper in which the alleged libel was published at the date of such publication and the then financial standing of appellant, was competent. Opdyke v. Ward, 18 Abb. Pr. R. 223, note; Hintz v. Graupner, 138 Ill. 165. If the plaintiff, in order to recover, has something to prove, either to establish his right, or to show the extent of his damages, the right to open and close remains with him. Mercer v. Whall, 5 Add. & E. (N. S.), 447; Johnson v. Josephs, 75 Me. 544; Camp v. Brown, 48 Ind. 575; Chesley v. Chesley, 37 N. H. 236; Vifquain v. Finch, 15 Neb. 507; Lexington Ins. Co. v. Paver, 16 Ohio, 330. In actions of slander and libel the general rule is that where there are special pleas only, the right to open and close remains with the plaintiff. Fry v. Bennett, 28 N. Y. 329; Elder v. Oliver, 30 Mo. App. 575; Cunningham v. Gallagher, 61 Wis. 173. The jury had the right to consider the pecuniary circumstances of appellant, so far as they appeared in the testimony, but evidence in regard thereto should have been confined more closely than it was to the date of the publication of the alleged libel. 1 Sutherland on Damages, p. 745; Peters v. Lake, 66 Ill. 206.

It was error for the court to admit proof that the rule issued by Judge Burke against appellee was finally discharged. This order was entered after the publication of the alleged libel. It, therefore, was not to the issues. However, appellant was not seriously injured by this error, for the reason that V. A. Geringer, a witness called by appellant, testified without objection: "I was in the court room when the rule was discharged."

It appeared that during a conversation had between Miles Geringer, V. A. Geringer and appellee in March, 1898, in which conversation it is claimed appellee admitted that he had received $6,000 for his support of the Allen bill and the gas bills, an article published in appellant's paper June 3, 1897, concerning appellee's conduct relating to said bills was read and commented upon. This article was offered in evidence by appellant as a part of such conversation, but was excluded by the court. Such article was

as much a part of that interview as were the spoken words. Its exclusion was reversible error.

It was also error for the court to refuse to admit in evidence the proceedings of the House of Representatives showing that the Committee on Judiciary, of which appellee was then a member, recommended that the Allen bill and the gas consolidation bill "do pass," and that appellee as a member of said house voted for each of said bills. Evidence had already been received tending to prove that appellee had accepted a bribe for his support of each of these bills. It was competent for appellant to support the truth of his plea of justification by collateral evidence which tended in even a slight degree to establish that issue. It cannot be denied but that appellee, to disprove this plea, might have shown, if such were the fact, that the committee of which he was part, recommended that these bills do not pass, and that when they were before the house he voted against the passage of each of them. The converse of this supposition is equally apparent. Sullivan v. People, 108 Ill. App. 342; Mosier v. Stoll, 119 Ind. 244; Holmes v. Goldsmith, 147 U. S. 164.

The statements of appellee at the political meeting held in June, 1897, concerning the Allen bill were ruled out by the court. Appellant failed to inform the court as to what was proposed to be proved by such evidence. Hence, we have no means of knowing whether the court was right or wrong in its rulings in this regard. Hobbie v. Ogden, 72 Ill. App. 242. If the trial judge was not informed as to the nature of the evidence attempted to be offered, he was justified in excluding it. In the present state of the record the offer of appellant to prove that appellee, while an alderman of the city of Chicago, would seek damage cases against the city, and then by reason of his official position secure judgments thereon, was properly excluded. There was no offer to show that appellee did anything unlawful in any particular case.

For the various errors noted, the judgment of the Circuit Court is reversed and remanded.

*Reversed and remanded.*