**Thomas Lannon, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 15,501.**

1. NEGLIGENCE—*when city, with respect to grade of streets, guilty of.* If an injury results to a person riding in a vehicle drawn by a horse by virtue of a hole in a public street, the city is liable notwithstanding the horse may at the time of the accident even be in the act of running away.

2.   CONTRIBUTORY NEGLIGENCE—*how question determined.*   Contributory negligence is always a question for the jury except when the evidence of its existence is so clear that no reasonable minds could come to contrary conclusions.

3.   EVIDENCE—*when erroneous exclusion will not reverse.*   It is not every erroneous exclusion of evidence that will suffice to reverse a judgment.   It is only where harm has resulted that a reversal will be ordered.   It is for the reviewing court to determine as to whether such harm has resulted.

4.   VERDICTS—*when not excessive.*   *Held,* in an action on the case for personal injuries, that a verdict and judgment for $15,000 was not excessive where it appeared that the injury was severe, that the plaintiff was permanently crippled by a material shortening of his right leg and a material limitation of its motion, etc.

Action in case for personal injuries.   Appeal from the Superior Court of Cook county; the Hon. WILLARD M. MCEWEN, Judge, presiding.   Heard in this court at the March term, 1909.   Affirmed.   Opinion filed February 16, 1911.   *Certiorari* denied by Supreme Court (making opinion final).

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; EDWARD C. FITCH, of counsel.

QUIN O'BRIEN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The appellee in this cause, the plaintiff in the Superior Court, recovered in that court, on the verdict of a jury, a judgment for $15,000 against the city of Chicago, the appellant, for a personal injury due, according to his declaration in the suit, to the negligence of the city in allowing a public highway in its control—Dearborn street—"to be and remain out of repair and condition to such an extent" that "there were large holes or openings" at a point where it intersected Root street in said city, which holes "had been there for a long time prior thereto, and of which the defendant did then and there have notice in time to have repaired it, if it had not been negligent in that regard." The declaration alleges that in consequence of this negligence the plaintiff, while driving a wagon along

the said street, in the exercise of reasonable care for his own safety, necessarily and unavoidably drove into a hole or opening and was thrown to the ground and seriously injured.

The grounds urged for a reversal of this judgment in this court are:

First. That the verdict was contrary to the weight of the evidence, in that (a) the testimony properly considered with reference to its trustworthiness, probability and credibility, showed that the negligence alleged was not the cause of the accident, and (b) the testimony showed that the plaintiff was not in the exercise of due care for his own safety, but was guilty of contributory negligence.

Second. That the court erred in excluding competent and material evidence for the defendant; and

Third. That the verdict was excessive in amount for the damages proved, and is shown by its amount to have been the effect of passion and prejudice, which it is claimed by the appellant might well have been the result of improper language of plaintiff's attorney in his closing address to the jury.

The accident resulting in the injury happened while the plaintiff, driving a horse in what is variantly called by the witnesses a heavy buggy or a light wagon, was turning or had just turned into Dearborn street from Root street.

The testimony of the witnesses and the respective theories of the plaintiff and the defendant concerning the details of the accident are quite different, but we do not think that it is necessary for us to express an opinion on the speed of the horse at the time the vehicle was overturned.

It is undisputed that the horse was frightened into nervousness at least while coming east on Root street and passing through the subway. Whether or not he was walking, trotting briskly or slowly, or even running when he was turned north into Dearborn street, is not the material question. That question is whether

the overturning of the buggy was the result of the existence of holes negligently left in the street. The material theory of the defense is that there was no hole in the street, or at least no hole into which the wheels of the vehicle went, causing it to overturn, but that in trying to control a runaway the plaintiff turned too sharp a corner from Root and Dearborn streets and came to grief in consequence. That theory is supported by some testimony, but there is testimony on the other hand of persons professing to be eye witnesses of the accident that the hole was there; that it had existed long enough to imply notice to the city; that the wheels of the wagon went into it, and that the result was the overturning of the vehicle and the injury of the plaintiff. Even had the horse been running away and entirely out of control, if this testimony was true defendant would be liable. City of Joliet v. Shufeldt, 144 Ill. 403.

The weight of the evidence seems against the hypothesis that the horse was not under control; but whether or not it was, the material question under the conflicting evidence was, as we have said, whether or not the overturning of the buggy was the result of the hole in the street. This question was for the jury. A full consideration of the testimony fails to convince us that there is inherent incredibility in the story of the plaintiff's witnesses, or that we are justified in ignoring it in favor of the theory advanced by the defendant and supported by its witness Bodey, and the alleged previous contradictory statements of the plaintiff and some of his witnesses.

The question of the plaintiff's contributory negligence was also for the jury. Contributory negligence is always a question for the jury except when the evidence of its existence is so clear that no reasonable minds could come to contrary conclusions. It would be useless for us to enter on an analysis of the evidence in the case at bar to show that this state of things

does not exist therein. It is quite plain on the face of it.

We do not think there was any reversible error in the exclusion of an answer of the witness Holmes to a question tending to impeach by proof of variant statement the plaintiff's witness Hogan. The foundation seems hardly to have been properly laid, the material substance of the alleged contradictory statement was actually admitted, and in any event it is not every erroneous exclusion of evidence that will suffice to reverse a judgment; nor is it the law that we are not to judge whether or not it was prejudicial. Walden v. Lewis, 71 Ill. 453.

The complaint that the verdict is excessive seems to us better founded and has given us some hesitation. We do not think that the counsel for the plaintiff, however, is properly to be charged with transcending the legitimate limits of advocacy in his address to the jury, or that it can be assumed that improper appeals to their passions and prejudices were the cause of their finding.

The injury was undoubtedly a very severe one, and was so described by the only expert witness called. The plaintiff is permanently crippled by a material shortening of his right leg and a material limitation of its motion. This was the result of the peculiarly bad nature of the fracture—an intra-capsular break of the neck of the femur. The plaintiff, besides being thus permanently lamed, suffered very severely during the seven weeks in which he was confined to his bed. He testified that after that time he went on crutches for months and could do no work for more than half a year thereafter; also that his back was weak and "bad" as the result of the accident from the time of its occurrence in July, 1901, to the time of the trial in January, 1909, and that during all that time he had suffered constant pain in his leg and could not walk even a short distance without great soreness in his hip joint and leg. While we should have been better

600        APPELLATE COURTS OF ILLINOIS.

pleased with a smaller verdict, we do not, after careful consideration, see our way to overrule the jury and trial judge either by reversing and remanding the case or compelling a *remittitur* as a condition of affirming.

The judgment of the Superior Court is therefore affirmed.

*'Affirmed.*