# Leon C. Scofield, Defendant in Error, v. Wabash Railway Company, Plaintiff in Error.

1. MASTER AND SERVANT, § 833*—*when sustaining of demurrer to special pleas harmless.* The sustaining of a demurrer to six special pleas of assumed risk and contributory negligence, even if erroneous, was harmless, where there were three other pleas on which issue was joined setting up the same defenses.

2. MASTER AND SERVANT, § 302*—*when employee does not assume risk of negligence of fellow employee.* Under section 3 of the Federal Employers' Liability Act [Call. 1916 Stat. ¶ 9096(3)], providing that "contributory negligence shall not bar a recovery," the fellow-servant doctrine is no longer available as a defense, and consequently the injured employee does not assume the risk of the negligence of his fellow employee.

3. MASTER AND SERVANT, § 832*—*when verdict of jury controlling on question whether accident occurred while employee was acting in scope of employment.* In an action based upon the Federal Employers' Liability Act, the verdict of the jury was controlling upon the disputed question whether or not the accident occurred while plaintiff was acting in the scope of his employment.

4. APPEAL AND ERROR, § 1506*—*when refusal to permit answering of question on cross-examination harmless.* An objection that the refusal to permit plaintiff in a personal injury case, who had testified that he was nervous, to answer a question on cross-examination as to whether he was nervous as he sat in the witness chair, was an abuse of discretion and reversible error, was trivial.

5. TRIAL, § 102*—*when refusal to strike testimony not error.* The refusal to strike testimony of plaintiff, in an action for injuries sustained by being thrown by the jerk of the engine on which he had climbed to adjust the dimmer on the headlight, that a great amount of steam was taken in the cylinders of the engine in question, and that such engine went forward with a sudden motion, that it went a certain distance and then there was a jerk by the weight of the train, on the ground that the statement was a conclusion and was the only evidence tending to show that the engineer started the engine, was not error, where there was other evidence to show the same fact.

6. DAMAGES, § 179*—*when testimony by plaintiff's housekeeper as to plaintiff's physical condition competent.* Testimony of the housekeeper of plaintiff in a personal injury case, who cared for plaintiff

after he came home from the hospital, describing plaintiff's physical condition, was competent.

7. Appeal and error, § 1165*—*when assignment of error not considered.* An assignment of error based upon the refusal to admit evidence offered by defendant in error on the examination of certain witnesses was not considered, where the questions were both leading and suggestive, and where no offer was made as to what it was expected to prove by the witnesses.

8. Appeal and error, § 1066*—*when assignment of error that verdict was excessive is not open to review.* An assignment of error that a verdict was excessive, was not open to review, where the verdict for $20,000 was remitted to $15,000, and there was no assignment of error questioning the amount of the judgment.

9. Damages, § 125*—*what damages for loss of leg are merely compensatory.* Damages of $15,000 were no more than compensatory where a man 22 years old, strong and robust, making from $80 to $100 per month, lost a leg, was in a hospital 6 weeks and at the trial, 9 months later, was still unable to work.

Error to the Circuit Court of Macon county; the Hon. William K. Whitfield, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed July 9, 1919. *Certiorari* denied by Supreme Court (making opinion final).

Hugh W. Housum and Fred Hamilton, for plaintiff in error; J. L. Minnis and N. S. Brown of counsel.

Charles C. Le Forgee, George W. Black and Thomas W. Samuels, for defendant in error.

Mr. Justice Waggoner delivered the opinion of the court.

The defendant in error, Leon C. Scofield, brought an action on the case against the Wabash Railway Company to recover damages under the Federal Employers' Liability Act for the loss of one of his legs. The jury returned a verdict in his favor for $20,000. A remittitur of $5,000 was entered and judgment was then rendered against the railway company for $15,000. The declaration charged that the plaintiff and defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant were engaged in interstate commerce; that the plaintiff was acting as head brakeman on a freight train running from Peru, Indiana, to Decatur, Illinois; that on February 17, 1917, while said freight train was proceeding from Peru to Decatur, it was required to go on a siding at Colburn, Indiana; that the plaintiff, while in the discharge of his duties and the exercise of ordinary care, was, in the nighttime, on the front of the engine of the said freight train then on the siding at Colburn, dimming the headlight from a fast passenger train then approaching said freight train, and while so engaged said freight train was so negligently managed and moved without warning, so that plaintiff was thrown off the engine and his leg run over by the "pony truck" of the engine, necessitating its amputation between the knee and ankle.

To the declaration the plaintiff in error filed a plea of general issue, together with seven special pleas. A special demurrer was sustained to six of the special pleas and overruled as to one. Two additional special pleas were then filed and issue was joined. The three special pleas, on which the case was tried, set up assumption of risk and contributory negligence.

The plaintiff in error complains of the sustaining of the demurrer to six of its special pleas. They were pleas of assumed risk and contributory negligence. If such pleas were necessary and if good, and we do not want to be understood as holding they were either necessary or good, the alleged error would be harmless, as there were three others on which issue was joined, setting up the same defenses, and under which plaintiff in error had all the benefits on the trial that it could have had from the pleas to which the demurrer was sustained. *Mayer v. McCracken*, 245 Ill. 551 (574-575); *Jones v. Council Bluffs Bank*, 34 Ill. 313 (320); *Curtiss v. Martin*, 20 Ill. 557 (571-572); *Tokheim Mfg. Co. v. Stoyles*, 142 Ill. App. 198 (202-203).

Error is assigned on the refusal of the court to direct a verdict for the plaintiff in error. Passing by the question of whether or not a motion to direct a verdict was made in apt time, we find from an examination of the record that there is ample evidence proving that the injury occurred to the defendant in error while he was in the course of his employment, in the discharge of his duties and exercising due care for his own safety.

Defendant in error was head brakeman on a freight train that left Peru, Indiana, at 10:45 p. m. February 17, 1917, for Decatur, Illinois. At one o'clock, next morning, this train ran in on a sidetrack, at Colburn, Indiana, in order that a passenger train might go ahead of it. Immediately after the freight train had stopped, on a sidetrack, defendant in error, in pursuance of the rules of the railway company and in the course of his duties, got up on the front of the engine to adjust the dimmer on the headlight. Just as he had finished adjusting the dimmer, but before he had started to climb down, the engineer suddenly started the engine and, as a result of a sudden jerk in so doing, the defendant in error was thrown down and the wheels of the "pony truck" of the engine passed over his legs. The engine moved about 15 feet.

By section 3 of the Federal Employers' Liability Act [Call. 1916 Stat. ¶ 9096(3)], it is provided that "contributory negligence shall not bar a recovery." *Warren v. Jackson,* 204 Ill. App. 576 (586). The fellow-servant doctrine is no longer available as a defense under the federal act. The injured employee does not assume the risk of the negligence of his fellow employee. *Kasturin v. Chicago & A. R. Co.,* 287 Ill. 306 (318). As to whether or not the accident occurred while the defendant in error was acting in the scope of his employment was a disputed question of fact upon which the verdict of the jury is controlling,

for the reason that there is ample evidence in the record to support it.

It is urged that the trial court erred in its rulings in reference to the admission and exclusion of evidence. The first complaint is in regard to the cross-examination of the defendant in error. He had testified that he was nervous, and on cross-examination was asked, "Well, you are not nervous as you sit there now, are you?" The court sustained an objection to the question. The contention that this was an abuse of discretion and reversible error is trivial.

The next complaint is that the court refused to strike out the description given by the defendant in error of the movement of the engine at the time he was injured, and that his statement was a conclusion. He said: "Well, it seemed that a great amount of steam was taken in the cylinders, and the engine went forward with a sudden motion; that it went the length of the drawbar, then there was a jerk by the weight of the train, a very violent movement." It is said in argument that this is the only evidence tending to show that the engineer started the engine. This statement is not correct, as there was other evidence tending to show the same fact, and it was not error to refuse to strike out the evidence of defendant in error on this point. Complaint is made that Mrs. J. E. Redwitz, the housekeeper of defendant in error, who cared for him after he came home from the hospital, was permitted to describe his physical condition. This evidence was competent and properly admitted. *West Chicago St. Ry. Co. v. Fishman,* 169 Ill. 196 (198). It is further urged that the court erred in refusing to admit evidence offered by plaintiff in error on the examination of the witnesses H. A. Belding and John H. Harry. The questions propounded, to which objections were sustained, were both leading and sug-

gestive. Further, there was no offer made in reference to what plaintiff in error expected to prove by either of these witnesses, and we cannot determine whether or not it was error to exclude the supposed evidence. *Wetzel v. Firebaugh,* 251 Ill. 190 (198); *Anthony Ittner Brick Co. v. Ashby,* 198 Ill. 562 (565); *Geringer v. Novak,* 117 Ill. App. 160 (168).

It is contended that five of the six instructions given for defendant in error were erroneous, and that it was also error to refuse two of the plaintiff in error's nineteen instructions. The two refused were covered by others given. Taken as a series, the instructions given correctly stated the law and were sufficient to fully instruct the jury as to the law applicable to the case.

Finally, it is contended that the damages are excessive. The only error assigned is that the verdict is excessive. A remittitur of $5,000 was entered. Judgment was then rendered for $15,000 and there is no assignment of error questioning the amount of the judgment. An error, not assigned, is not open to review. *Berry v. City of Chicago,* 192 Ill. 154 (155). The defendant in error, at the time of the accident, was 22 years of age, strong and robust, making from $80 to $100 a month. He lost a leg, was in a hospital 6 weeks and at the time of the trial, 9 months later, was still unable to work. The damages were no more than compensatory. *Wheeler v. Chicago & W. I. R. Co.,* 182 Ill. App. 194 (195); *Biggs v. Peoria & P. U. Ry. Co.,* 182 Ill. App. 613 (622); *Chicago, B. & Q. R. Co. v. Dunn,* 106 Ill. App. 194 (200); *Lannon v. City of Chicago,* 159 Ill. App. 595 (599); *Chicago & A. R. Co. v. Fisher,* 38 Ill. App. 33.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*